UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANGEL ARRIAGA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, an unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>REMOVED FROM:<br><br>SUPERIOR COURT FOR THE STATE OF RHODE ISLAND PROVIDENCE COUNTY<br>State Court P.C. No. 06-0356<br><br>CA 06 45 T |

**NOTICE OF REMOVAL**

Defendant New England Gas Company, an unincorporated division of Southern Union Company ("NEGasCo"), by and through its undersigned counsel, hereby files this Notice of Removal of this action from the Superior Court of the State of Rhode Island, County of Providence, to the United States District Court for the District of Rhode Island.

NEGasCo appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1. Plaintiffs filed the complaint in this action in the Superior Court of the State of Rhode Island, County of Providence, on January 20, 2006.

2. A copy of the complaint was received by NEGasCo on January 20, 2006.

3. Service of the complaint has not been effected upon any defendant. This Notice of Removal is filed within thirty days of notice of the complaint and within one year of the commencement of this action. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

1

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that the parties are citizens of different states and the amount in controversy with respect to each Plaintiff exceeds $75,000, exclusive of interest and costs.

5. All Plaintiffs in this action are residents of Rhode Island.

6. Defendant NEGasCo is an unincorporated division of Southern Union Company. Southern Union Company is incorporated in the State of Delaware and has its principal place of business in Wilkes-Barre, Pennsylvania. (*See* Compl. ¶ 4).

7. Defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors") is a Massachusetts corporation with its principal place of business in Massachusetts. (*See* Compl. ¶ 5).

8. Defendants Jason Smith ("Smith") and Stephen Carberry ("Carberry") are incorrectly alleged to be citizens of Rhode Island. (*See* Compl. ¶ 3). As evidenced by public records, Smith and Carberry are residents of Massachusetts. Accordingly, the parties to this action are citizens of different states for purposes of 28 U.S.C. § 1332.

9. Alternatively, the citizenship of Smith and Carberry must be disregarded for jurisdictional and removal purposes because, among other reasons, the complaint states no cause of action against them, and they are thus deemed to have been "fraudulently joined" in this action.

10. While the complaint does not expressly plead the amount in controversy, it is clear from the allegations therein, including those set forth below, that each Plaintiff asserts an amount in controversy that exceeds $75,000, exclusive of interest and costs:

a. Plaintiffs seek to recover "damages for the diminution in the value of their properties, physical injuries, medical expenses, and severe emotional distress caused by the Defendants [sic] disposal of and/or release of mercury." (Compl. ¶1).

b. Plaintiff seek "compensatory and punitive damages consistent with the jurisdiction of this Honorable Court." (Compl. ¶¶ 26, 33, 36, 39).

c. Plaintiffs also allege that they are "entitled to recover the costs of a medical monitoring program, including future testing for exposure to mercury and future medical expenses." (Compl. ¶ 48).

d. In addition, Plaintiffs seek "treble damages for the losses, costs, damages or injuries consistent with RIGL 23-19.1-22." (Compl. ¶ 51).

e. Finally, Plaintiffs request equitable relief requiring NEGasCo to "pay all costs and fees to remediate the continuing mercury contamination." (Compl. ¶ 57).

11. Pursuant to 28 U.S.C. § 1446(d), NEGasCo promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Rhode Island, County of Providence, and will serve a copy of the same on counsel for Plaintiffs and its co-defendants who appear by counsel.

12. Pursuant to LR Cv 81(a), effective January 1, 2006, attached as Exhibit A is a copy of the complaint in the Rhode Island Superior Court case being removed.

13. Pursuant to LR Cv 81(b), effective January 1, 2006, attached as Exhibit B is a certified copy of the state court docket sheet, along with all documents in the state court record, numerically tabbed, in the same order as they appear on the docket sheet.

WHEREFORE, NEGasCo respectfully removes this action now pending in the Superior Court of the State of Rhode Island, County of Providence, Docket No. 06-0356, to the United States District Court for the District of Rhode Island.

Dated: Providence, Rhode Island
January ___, 2006

RICE, DOLAN & KERSHAW

By: Mark P. Dolan cdb #5523
Mark P. Dolan (#3280)
170 Westminster Street
Suite 900
Providence, RI 02903
(401) 272-8800

-and-

HINCKLEY, ALLEN & SNYDER LLP

By: [signature]
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
1500 Fleet Center
Providence, RI 02903
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

#692867v2 (95000/9501000)

**CERTIFICATION**

**To:**

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02909

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02909

I hereby certify that I mailed a copy of the within Notice to counsel of record, as above, on the 27th day of January, 2006.

Cynthia Tomas