**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | : | Removed from Superior Court for the State of Rhode Island Providence County State Court P.C. No.: 06-0356 |

***PLAINTIFFS' MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT***

Now comes the Plaintiffs in the above-entitled matter and moves the Honorable United States District Court for the District of Rhode Island for an order of remand pursuant to 28 U.S.C. 1447(c). As grounds for this motion Plaintiffs assert that Defendants Carberry and/or Smith were at the time of suit and the time of the incident residents of the State of Rhode Island.

Plaintiffs further assert that Defendant, New England Gas Company's alternative contention that there was "fraudulent joinder" is unfounded. Defendant, New England Gas cannot sustain its burden in establishing "fraudulent joinder". Non-diverse Defendants Carberry and Smith are properly named defendants. The allegations against them are viable causes of action under Rhode Island law. A memorandum of law in support of this motion is attached. Pursuant to LR Cv 7(e) Plaintiff requests oral argument. Plaintiff anticipates the argument not to exceed thirty (30) minutes.

PLAINTIFFS,
By their Attorneys,

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esquire #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1222 – Tel.
(401) 490-4834 – Fax

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esquire #4593
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212 – Tel
(401) 490-4809 - Fax

***CERTIFICATION***

I hereby certify that I mailed a true and accurate copy of the within ***MOTION*** to the individuals named below via first-class mail, postage prepaid, on this 6th day of February 2006:

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

of LAW OFFICE OF MARK DANA, P.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| v. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants, | : | Removed from Superior Court for the State of Rhode Island<br>Providence County<br>State Court P.C. No.: 06-0356 |

***PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT***

## *I. INTRODUCTION AND PROCEDURAL HISTORY*

This case was removed to the United States District Court for the District of Rhode Island on January 27, 2006 by Defendant New England Gas. See Defendant's, New England Gas, Notice of Removal, Jan. 27, 2006 (alleging jurisdiction under 28 U.S.C §1441) asserting that the citizenship of two co-Defendants, Carberry and Smith, is that of Massachusetts. Defendant, New England Gas, further alleges that even if the citizenship of those Defendants is Rhode Island the Complaint does not state a cause of action against these Defendants.

Plaintiffs' Complaint, filed on January 20, 2006, asserts eight counts. Each count is specified as to the appropriate Defendant. Counts III, IV and VI directly state that they relate to all Defendants. The Complaint further alleges that it was Defendant, Carberry and Smith, that obtained the mercury.

## *II. BACKGROUND*

On or about October 19, 2004, approximately 20 pounds of mercury was taken by Defendants, Carberry and Smith, from the Tidewater facility owned and operated by New England Gas. The material was kept by New England Gas Company at the site as a part of a mercury reclamation program.

The mercury was brought back to the Lawn Terrace Apartments where Carberry and Smith resided. The mercury was spilled at the complex and it was tracked into several apartments, as well as off site locations. In October of 2004, New England Gas Company retained Defendant, Clean Harbors Environmental Service to test and clean the complex. It is the allegation of the Plaintiffs that the remediation was not done correctly and that there remains a potential danger to these residents. As a result, a Motion for Injunctive Relief was filed along with the Complaint.

## *III. STANDARDS APPLICABLE TO REMOVAL*

When a plaintiff challenges the propriety of a defendant's removal to Federal Court, the Defendant must carry the burden of showing the necessary facts to support the Court's exercise of jurisdiction pursuant to 28 U.S.C. § 1441. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936) (imposing burden on defendant regarding justification of removal); *BIW Deceived v. Local* S6, 132 F.3d 824, 831 (1st Cir. 1997) (defendant bears burden to prove removal by existence of Federal jurisdiction). *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48 (1st Cir. 1992). (The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction). Any doubts about the propriety of removal are construed in favor of remand. See *Danca v. Private Health Care Sys., Inc.*, 185 F.3d

1, 4 (1st Cir. 1999) (doubts about removal should be resolved in favor of remand); *Matthews v. Stewart*, 207 F.Supp 2d 496, 497 (M.D.La 2001) (District Court's limited jurisdiction construes doubts against removal once plaintiff seeks remand).

***IV. ARGUMENTS IN SUPPORT OF REMAND***

**(I) There is no diversity of citizenship as Defendant, New England Gas asserts because Carberry and/or Smith are citizens of Rhode Island.**

Defendant, New England Gas Company asserts that removal is proper because New England Gas has concluded that Smith and Carberry are residents of Massachusetts and therefore diversity exists. Defendant, New England Gas is in error. Defendant Carberry and Defendant Smith are and were at the time of the mercury spill citizens of Rhode Island.

Defendant Smith was served on February 2, 2006 at his residence at 88 Cove Street, Portsmouth, Rhode Island. (See, Affidavit of Robert Kilduff with Proof of Service attached hereto as Exhibit 1). At the time of service he acknowledged to the process server that the Cove Street address is where he is living. He further acknowledged that to the best of his knowledge Defendant Carberry resides at 116 Division Street in Pawtucket.

At the time of the spill Defendant Smith lived in Pawtucket. He also filled out and signed a financial obligation form on July 27, 2005, the date of his plea. The address for him at that time was 196 Pleasant Street, Unit 6 in Pawtucket.

As for Defendant Carberry, according to the Superior Court Criminal file of this matter, P2-2005-897, Defendant Carberry had been housed in the ACI in Cranston, Rhode Island from November of 2005 to January 5, 2006. He was held due to an

outstanding warrant. Prior to his incarceration he resided at 196 Pleasant Street, Pawtucket, Rhode Island. On January 5, 2006 as a result of a plea agreement in the Superior Court, he was released. At the time of the spill he was residing in Rhode Island and in fact, was living at the same Pleasant Street address. (See certified copy of Pawtucket Police Department Report 04-8136, attached as Exhibit 2).

As stated above, it is the burden of the Defendant to establish the basis for removal. It remains unclear to the Plaintiffs as to the basis for Defendant New England Gas to make a representation to this Court that Carberry and Smith are residents of Massachusetts. The court documents are clear. Those records reveal that Stephen Carberry, on January 5, 2006, the date of his plea, signed a financial obligation form. (See, certified copy of Financial Obligation Form attached as Plaintiff's Exhibit 3). That form clearly states that Carberry lives at 116 Division Street, Apartment #3 in Pawtucket, Rhode Island. His mailing address was 2 Celtic Drive in Westport, Massachusetts. He signed the form which shows a distinct difference between where he is living and where his mail goes to. There are no addresses known to the Plaintiffs that are subsequent to January 5, 2006.

The Superior Court file is a matter of public record. Had Defendant New England Gas simply reviewed this material it would have learned that neither Defendant Carberry nor Defendant Smith reside in Massachusetts. Hence there is no diversity of citizenship and no basis for removal.

Defendant, New England Gas has failed to provide any information to support its position that either of these defendants are citizens of Massachusetts. They represent to the Court that Defendants Carberry and Smith are residents of Massachusetts "as

evidenced by public record", yet they fail to support this representation with any public record. Plaintiffs due diligence has established unequivocally that these Defendants are residents of Rhode Island. It should be noted that Plaintiff should bear no burden.

Even if Defendant, New England Gas does present some public record that states some Massachusetts address, in light of the above, it has not met its burden. For diversity purposes, it is well established that the citizenship of an individual is equivalent to his domicile. See, *Newman-Green Inc. v Alfonzo-Larrain*, 490 U.S. 826 (1989). An individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile. See, *District of Columbia v. Murphy*, 314 U.S. 441 (1941). The law presumes that once a person establishes a state domicile, that domicile continues until another one is acquired. It is not destroyed by mere absence from the state. See *Willis v. Westin Hotel Company*, 651 F.Supp. 598 (S.D.N.Y 1986) citing *Mitchell v. United States*, 88 U.S. 350 (1874).

Both Carberry and Smith lived in Rhode Island and were domiciled in Rhode Island at the time of the spill and at the time of this suit. The facts demonstrate that as recently as (15) fifteen days before the suit was filed Carberry made a representation in State Court that he lives in Rhode Island. There is no "public record" to Plaintiffs knowledge that would change the domicile of either Defendant Carberry or Defendant Smith. Moreover, even if Smith and Carberry have mailing addresses in Massachusetts that does not destroy their domicile status in Rhode Island. Consequently there is no diversity jurisdiction.

**(II.) The Complaint clearly alleges several viable causes of action relating to both Defendants Carberry and Smith.**

Defendant New England Gas argues in the alternative that Carberry's and Smith's citizenship must be disregarded because the Complaint states no viable cause of action against them. Defendants continue that as a result Carberry and Smith are deemed to have been "fraudulently joined". Fraudulent joinder applies if either 1) there has been outright fraud in the Plaintiffs' recitation of jurisdictional facts or 2) there is no possibility that the Plaintiffs would be able to establish a cause of action against the non-diverse Defendants in State Court. See *Cobb v Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999).

It does not appear that Defendant New England Gas Company is alleging the former as the jurisdictional facts as outlined in the Complaint are accurate. Consequently, it appears as though it is relying on the latter. In doing so the Defendant is required to prove by clear and convincing evidence that it is not possible for Plaintiffs to establish a cause of action in State Court. See *Gabrielle v. Allegro Resorts Hotels*, 210 F.Supp. 2d 62 (D.R.I 2002). As stated above, the nuisance action is clearly a valid cause of action against all Defendants that have allegedly caused harm that the Plaintiffs should not otherwise bear.

The Complaint specifically asserts several causes of action against these Defendants including Counts III, Count IV and Count VI. These counts allege that these Defendants are responsible for the nuisance which now exists at the Lawn Terrace Apartments. A nuisance is a valid cause of action under Rhode Island Law. The essential element of actionable nuisance is that the Plaintiffs suffered harm or are threatened with injury they ought not to have to bear. See *Weida v Ferry*, 493 A2d 824 (RI 1985). There is little question that Carberry and Smith are essential Defendants in this matter. They, along with Defendants, New England Gas and Clean Harbors

Environmental Services, created the nuisance. The conduct of spilling the mercury at the location where they were residing and impacting neighbors constitutes a prima facie case of nuisance. See *Wood v. Picillo*, 443 A2d 1244 (RI 1982).

As stated above, Carberry and Smith were neighbors and in fact lived in the complex. To suggest that there is no cause of action asserted against them is simply an attempt to obtain jurisdiction of this Court where none exists. The burden remains with Defendant, New England Gas to establish by clear and convincing evidence that there is no possibility that Carberry and/or Smith created a nuisance that impacted their neighbors.

Plaintiffs further allege that all Defendants violated the Hazardous Waste Management Act, specifically RIGL 23-19.1-22. That statute states in part:

> "(a) Any person who shall violate the provisions of this chapter through the transportation, storage, or disposal of hazardous wastes in a manner or location not authorized by this chapter or the rules and regulations promulgated pursuant to this chapter, or who shall have caused the unauthorized transportation, storage, or disposal of hazardous wastes shall be absolutely liable for the cost of containment, cleanup, restoration, and removal of the hazardous wastes, and for all damages, losses, or injuries, including environmental, which result directly or indirectly from the discharge.
>
> (b) Proceedings brought pursuant to this section shall be instituted by filing a complaint in the superior court."

Defendant, New England Gas may argue that there is no private cause of action as it relates to this count, however, such a proposition is not clear and at best, is open for debate. In *Charter International Oil Co., v. United States*, 925 F. Supp. 104 (D.R.I. 1996) Judge Pettine certified this very question to the Rhode Island Supreme Court. As discussed in *Hotel Assocs., LLC v. HMS Assocs. Ltd. Partnership*, 2004 R.I. Super.

LEXIS 44 the Supreme Court's decision was and remains an unpublished decision. As stated in HMS Assocs. Ltd. Partnership, pursuant to R.I. Sup. Ct. Art I, R.16(j):

> "unpublished orders will not be cited by the Court in its opinions and such orders will not be cited by counsel in their briefs. Unpublished orders shall have no precedential effect."

To establish fraudulent joinder the Defendant will be required to establish that there is no possibility of establishing a private cause of action. In light of the sparse case law on whether there is a private cause of action in Rhode Island under the Hazardous Waste Management Act and in light of the fact that no citation of authority is available from our Supreme Court, Defendant will be unable to meet such a burden.

***V. CONCLUSION***

For the above reasons, Plaintiffs contend that this Court does not have Jurisdiction of this matter pursuant to 28 U.S.C. § 1332 and respectfully requests an order remanding the matter to the Rhode Island Superior Court pursuant to 28 U.S.C §1447(c).

Further, there appears that there is no objectively reasonable basis for the removal and therefore, consistent with *Martin v. Franklin Capital Corp.*, 126 S. Ct 704 (2005) Plaintiffs seek reasonable costs and attorney fees.

PLAINTIFFS,
By their Attorneys,

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esquire #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1222 – Tel.
(401) 490-4834 – Fax

D'AMICO • BURCHFIELD, LLP

Robert A. D'Amico, II, Esquire #4593
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212 - Tel
(401) 490-4809 - Fax

## *CERTIFICATION*

I hereby certify that I mailed a true and accurate copy of the within ***MOTION*** to the individuals named below via first-class mail, postage prepaid, on this 6th day of February 2006:

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

of LAW OFFICE OF MARK DANA, P.C.