UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANGEL ARRIAGA, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, an unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, Defendants. | C.A. No. 06-045T |

**NEGASCO'S MOTION FOR LEAVE TO DEPOSE JASON SMITH AND FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO REMAND**

Defendant New England Gas Company, an unincorporated division of Southern Union Company ("NEGasCo"), hereby moves for leave to take the deposition of co-defendant Jason Smith ("Smith"), limited to the issue of Smith's domicile at the relevant time. NEGasCo further moves for an extension of NEGasCo's and Clean Harbors Environmental Services' ("Clean Harbors") time to reply to Plaintiffs' motion to remand this action to Rhode Island Superior Court until fourteen days after the deposition of Jason Smith. Co-defendant Clean Harbors consents to and joins in this motion. Plaintiffs' counsel has advised that plaintiffs do not consent to the relief sought in this motion.

NEGasCo submits the accompanying memorandum of law and the exhibits thereto in support of its motion. NEGasCo requests oral argument of approximately fifteen minutes in duration.

Respectfully Submitted,

**RICE, DOLAN & KERSHAW**

By: ______________________
Mark P. Dolan (#3280)
170 Westminster Street
Suite 900
Providence, RI 02903
(401) 272-8800
(401) 421-7218
ricedolank@aol.com

**HINCKLEY, ALLEN & SNYDER, LLP**

By: ______________________
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
acallam@haslaw.com

Attorneys for Defendant
New England Gas Company,
an unincorporated division of
Southern Union Company

Dated: February 17, 2006.

## CERTIFICATION

**To:**

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

I hereby certify that I mailed a copy of the within Motion to counsel of record, on the 17th day of February, 2006.

Cynthia Lomas

695778v3 (14015/126110)

FILED
FEB 17 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGEL ARRIAGA, et al.,

Plaintiffs,

vs.

NEW ENGLAND GAS COMPANY, an unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,

Defendants.

C.A. No. 06-045T

**NEGASCO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO DEPOSE JASON SMITH AND FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO REMAND**

Defendant New England Gas Company, an unincorporated division of Southern Union Company ("NEGasCo"), submits this memorandum of law in support of its motion for leave to take the deposition of co-defendant Jason Smith ("Smith"), limited to the issue of Smith's domicile at the relevant time and for an extension of NEGasCo's and Clean Harbors Environmental Services' ("Clean Harbors") time to reply to plaintiffs' motion to remand this action to Rhode Island Superior Court until fourteen days after the deposition of Smith. The deposition of Smith is necessary to determine whether he is a citizen of Massachusetts, as NEGasCo contends, making him, along with the other defendants in this action, citizens of states other than Rhode Island and, therefore, diverse from plaintiffs. Co-defendant Clean Harbors consents to and joins in this motion. Plaintiffs' counsel has advised that plaintiffs do not consent to the relief sought in this motion.

## BACKGROUND

Plaintiffs commenced this action in the Superior Court of the State of Rhode Island on January 20, 2006. On January 27, 2006, NEGasCo removed this action to this Court on two independent grounds. NEGasCo asserts, contrary to plaintiffs' allegation, that based upon the Criminal Docket Sheet Reports for defendants Smith and Stephen Carberry ("Carberry"), both were citizens of Massachusetts during 2005. (*See* Criminal Docket Sheet Reports attached as Exhibit 1). Thus, for purposes of 28 U.S.C. § 1332(a)(1), NEGasCo submits that all defendants including Smith are citizens of states other than Rhode Island and therefore are diverse from plaintiffs. In the alternative, NEGasCo asserts that if Smith or Carberry are citizens of Rhode Island, their citizenship must, as a matter of law, be disregarded for jurisdictional and removal purposes because, among other reasons, the complaint states no cause of action against them, and they are thus deemed to have been "fraudulently joined" in this action.

On February 6, 2006, plaintiffs served a motion to remand this action to the Rhode Island Superior Court. Plaintiffs' motion contends that Smith and Carberry are residents of Rhode Island and complete diversity is therefore lacking. With respect to Smith, plaintiffs contend that during a February 1, 2006 telephone conversation, Smith told a Rhode Island Constable ("Constable") that he was "residing at 88 Cove Street in Portsmouth, Rhode Island." And, that on February 2, 2006, the Constable served Smith with a copy of the complaint and summons at a single family home at 88 Cove Street, Portsmouth, Rhode Island. (*See* Affidavit of Robert Kilduff attached to plaintiffs' motion to remand).[1]

[1] The parties also disagree as to the citizenship of Carberry. NEGasCo is not seeking to depose Carberry concerning his citizenship.

The Constable's assertion that Smith is a resident of 88 Cove Street -- plaintiffs' primary support for their assertion that Smith is a citizen of Rhode Island -- is belied by NEGasCo's investigation regarding Smith's domicile. Specifically, on February 14, 2006, Richard Cleary, a Private Investigator with R.A.C. Investigative Services, Inc., spoke with Robert Hill ("Hill"), a resident and the owner of the home at 88 Cove Street. Hill told Cleary that beginning on or about January 26, 2006, he permitted Smith -- a friend of Hill's daughter, Amanda Hill, who then lived with Hill -- to visit with them for about two weeks because Smith claimed he had no place to live. Hill confirmed that Smith was not a tenant in his home and did not receive any mail there during his two week visit. Further, Hill told Cleary that on or about February 9, 2006, his daughter and Smith left 88 Cove Street and that Hill had not spoken with Smith since that date. (*See* Affidavit of Richard Cleary attached as Exhibit 2).

## ARGUMENT

As demonstrated above, documentary evidence indicates that in 2005 Smith was a Massachusetts resident, and NEGasCo's recent investigation shows that Smith's domicile at the time this action was initiated was not 88 Cove Street in Portsmouth, Rhode Island, as plaintiffs contend in their remand motion. *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001) ("For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit"). Rather, it is evident that Smith was merely visiting 88 Cove Street for a short time and has since moved. *See Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988) (A party's citizenship for purposes of federal jurisdiction is defined by his or her domicile, which is "the place

where a person has a true, fixed home . . . and to which, whenever he is absent, he has the intention of returning").

Resolution of the part of plaintiffs' remand motion addressed to the complete diversity issue turns on Smith's domicile at the time this suit was commenced. In order to confirm whether or not Smith was a citizen of Massachusetts at the relevant time, NEGasCo seeks an order directing Smith (a defendant who has not yet responded to the complaint) to appear at a convenient date and time within ten days of service of the order upon him for deposition by NEGasCo limited to the issue of Smith's domicile. *See, e.g., Avery v. Doe*, 1997 U.S. Dist. LEXIS 1909, *3-4 (E.D. Pa. Feb. 20, 1997) (granting plaintiffs' request to conduct discovery "in respect to the facts necessary to allege subject matter jurisdiction under 28 U.S.C. § 1332"); *Long Island Lighting Co. v. Aetna Casualty & Surety Co.*, 1997 U.S. Dist. LEXIS 13270, *12 (S.D.N.Y. Sept. 10, 1997) (ordering parties to conduct discovery to determine citizenship and domicile of all relevant parties).

NEGasCo further requests that its time to respond to plaintiffs' motion to remand be extended until fourteen days after the deposition of Smith.

## CONCLUSION

For the foregoing reasons, NEGasCo respectfully requests that the Court enter an order directing Jason Smith to appear for a deposition concerning his domicile within ten days of service upon him of such order, and for an extension of time to respond to plaintiffs' motion to remand this action until fourteen days after the deposition of Jason Smith.

Respectfully Submitted,

**RICE, DOLAN & KERSHAW**

By: ______________________

Mark P. Dolan (#3280)
170 Westminster Street
Suite 900
Providence, RI 02903
(401) 272-8800
(401) 421-7218
ricedolank@aol.com

**HINCKLEY, ALLEN & SNYDER, LLP**

By: ______________________

Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (fax)
gpetros@haslaw.com
acallam@haslaw.com

Attorneys for Defendant
New England Gas Company,
an unincorporated division of
Southern Union Company

Dated: February 17, 2006.

**CERTIFICATION**

**To:**

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

I hereby certify that I mailed a copy of the within Memorandum to counsel of record, on the 17th day of February, 2006.

Cynthia Lomas

695782v2 (14015/127589)