**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | : | |

***PLAINTIFFS' OBJECTION TO DEFENDANTS MOTION FOR LEAVE TO DEPOSE DEFENDANT, JASON SMITH AND FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS MOTION TO REMAND***

Plaintiffs hereby object to Defendants, Southern Union Company's ("NE Gas Co."), Motion for Leave to depose Co-defendant, Jason Smith, and for an extension of time to respond to Plaintiffs' Motion to Remand. A Memorandum of Law is attached in support of their objection.

PLAINTIFFS,
By their Attorneys,

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esquire #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1222 – Tel.
(401) 490-4834 – Fax

D'AMICO • BURCHFIELD, LLP

Robert A. D'Amico, II, Esquire #4593
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212 - Tel
(401) 490-4809 - Fax

***CERTIFICATION***

I hereby certify that I mailed a true and accurate copy of the within ***MOTION*** to the individuals named below via first-class mail, postage prepaid, on this 22 day of February 2006:

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael J. Smith, Esq.***
***Bonner Kiernan Trebach & Crociata, LLP***
***One Liberty Square***
***Boston, MA 02109***

***Jason Smith***
***88 Cove Street***
***Portsmouth, RI 02871***

of LAW OFFICE OF MARK DANA, P.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| v. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants, | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO DEPOSE JASON SMITH AND FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS MOTION TO REMAND**

Now comes the Plaintiffs and submit this Memorandum of Law in support of its Objection to Defendants Motion for an Extension of Time and for Leave to take the Deposition of the Co-Defendant Smith.

## BACKGROUND

Plaintiffs filed suit, along with a request for Injunctive Relief in the Superior Court of the State of Rhode Island on January 20, 2006. The Motion for Injunctive Relief sought full remediation of the mercury at the Plaintiffs homes or, in the alternative, appropriate testing by an independent certified toxicological company. At that time, an Associate Justice of the Rhode Island Superior Court had set the matter down for hearing on the injunctive relief portion of the Complaint for February 3, 2006. The basis for that relief, as outlined in the Complaint, was that Defendants, NEGasCo and Clean Harbors Environmental Services, failed to clean the mercury in accordance with required

standards. It is the contention of the Plaintiffs that mercury continues to pose potential health problems to these Plaintiffs. Plaintiffs tested the site in October of 2005 prior to suit. Defendant, NEGasCo was provided with a full report in December of 2005 of the testing performed.

Defendant, NEGasCo, filed its Notice of Removal on January 27, 2006. In that motion it was asserted that Carberry and Smith were residents of Massachusetts. Plaintiffs filed a Motion to Remand on February 6, 2006 with clear documentation that both Carberry and Smith were residents of Rhode Island. Counsel, on behalf of NEGasCo., had represented on Thursday, February 16, 2006 to Plaintiffs' counsel that he intended to file the Motion for an Extension of Time. A copy of the motion was hand-delivered to Plaintiffs' counsel in the afternoon of February 20, 2006. The motion was filed on February 17, 2006. Defendant's motion not only seeks an extension but also seeks to conduct discovery.

Defendant's counsel advised Plaintiffs' counsel on Monday, February 20, 2006, the same day Plaintiffs' counsel received the motion, that a hearing was tentatively scheduled for Wednesday, February 22, 2006. Plaintiffs now file this objection.

**ARGUMENT**

**DEFENDANT, NEGASCO. HAS SHOWN NO CAUSE FOR ENLARGEMENT OF TIME**

Fed. R. Civ. P. 6(b) states in relevant part:

> *"The Court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order"*

Plaintiffs' contend that Defendant, NEGasCo, has not shown any cause to extend time. See *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Any extension of a time limitation must be for cause shown. Defendant's Memorandum in Support of its Motion for an Extension fails to assert any facts at all demonstrating cause.

Defendant may argue that the basis for the request is that they have not been able to find the deponent. Plaintiffs' constable found the deponent and served him in a matter of days. Moreover, Plaintiffs' filed their Motion to Remand on February 6, 2006. From NEGasCo's own documents, it appears as though they waited until February 14, 2006 to even begin investigating the issue of Smith's residency, an issue that it originally asserted in its Notice of Removal dated January 27, 2006. Now, some twenty-three (23) days later, Defendant states it needs additional time to determine if its original assertion is accurate. See *Ramos-Pena v. New Puerto Rico Marine Management, Inc.* 2 Fed. Appx. 19; 2001 U.S. App. LEXIS 16617 (1st Cir. 2001). In *Ramos-Pena* the Court held that the District Court did not abuse it's discretion in denying an extension when Plaintiffs had twenty-four (24) days to respond to a motion, but did not.

Defendant, NEGasCo's original contention that Smith was a Massachusetts resident was based on a criminal cover sheet and nothing more. Now at the eleventh hour, most likely realizing it has not met it's burden, it seeks an open-ended extension, to find some facts, any facts to support that contention. NEGasCo. has not made any additional representations to this Court as to the whereabouts of Defendant Smith or any offer of proof as to what Defendant Smith might say. It would seem that the basis for the extension is that NEGasCo does not have the facts it needs to prove diversity. Such a basis is not cause pursuant to Fed. R. Civ. P. 6.

Defendant NEGasCo appears to assert that they do not know where Smith is living, yet they seek an order allowing them to serve him and then time to respond to the Motion to Remand until after they depose Smith. Such an open-ended order could potentially prolong this issue of jurisdiction for months. Consequently, the Defendant has not shown cause for the extension and the motion should be denied.

**II. DEFENDANT, NEGASCO., HAS FAILED TO EVEN ATTEMPT TO SERVE DEFENDANT SMITH WITH ITS MOTION AND MEMORANDUM.**

NEGasCo is requesting from this Court an order seeking to depose a party that has been served the Complaint in Rhode Island without ever giving notice to that party. NeGasCo. has not attempted to serve Defendant Smith with it's motion or memorandum consistent with Fed. Rule. Civ. Proc. 5(a). (See, certification page of Defendants Motion for Leave and an Extension of Time). Rule 5(a) requires service on all parties unless the court otherwise orders. No Defendant has filed an Answer to date, including Clean Harbors and NEGasCo. The manner for the service is outlined in Rule 5(b). Even assuming, Defendant Smith could not be located by Defendant NEGasCo., it was obligated to send the pleadings to Defendants Smith's last known address. See Fed. Rule. Civ. Proc. 5(b)(2)(B). Wherefore, Plaintiffs request an order denying Defendants Motion for leave to depose Smith and its motion for an extension of time.

PLAINTIFFS,
By their Attorneys,

**LAW OFFICE OF MARK DANA, P.C.**

Mark W. Dana, Esquire #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1222 – Tel. / (401) 490-4834 – Fax

**D'AMICO • BURCHFIELD, LLP**

Robert A. D'Amico, II, Esquire #4593
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212 - Tel
(401) 490-4809 - Fax

***CERTIFICATION***

I hereby certify that I mailed a true and accurate copy of the within ***MEMORANDUM*** to the individuals named below via first-class mail, postage prepaid, on this 22 day of February 2006:

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael J. Smith, Esq.***
***Bonner Kiernan Trebach & Crociata, LLP***
***One Liberty Square***
***Boston, MA 02109***

***Jason Smith***
***88 Cove Street***
***Portsmouth, RI 02871***