**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANGEL ARRIAGA, et al.,** | : | |
| | : | |
| **Plaintiffs** | | |
| **v.** | : | **C.A. No.: 06-45T** |
| **NEW ENGLAND GAS COMPANY an** | : | |
| **an unincorporated Division of SOUTHERN** | : | |
| **UNION COMPANY, CLEAN HARBORS** | : | |
| **ENVIRONMENTAL SERVICES,** | : | |
| **JASON SMITH and STEPHEN CARBERRY** | : | |
| **Defendants.** | : | |

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Clean Harbors Environmental Services, Inc. ("Defendant"), hereby responds to the respective-numbered allegations of the Complaint as follows:

1. To the extent that paragraph 1 asserts that Defendant was responsible for any alleged damages, it is denied.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

3. Denied.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

5. Defendant admits that it has a principal place of business in Massachusetts.

6(a)-(z) and (aa)-(tt). Defendant is without sufficient knowledge or information to admit or

deny the allegations contained in paragraph 6 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, leaves the Plaintiffs to their

proof.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

20. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count I Negligence (Southern Union)**

21. Defendant's answers to Paragraphs 1 through 20 are hereby incorporated by reference.

22.-26. Defendant neither admits nor denies the allegations contained in Count One,

paragraphs 22 through 26 of the Plaintiffs' Complaint, as the allegations are neither directed at the Defendant, nor pertain to actions or conduct for which the Defendant is legally responsible, and to the extent that Count One alleges that the Defendant was negligent or in any way responsible for the alleged incident and/or plaintiffs' alleged injuries and damages, such allegations are denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**<u>Count II Negligence (Clean Harbors)</u>**

27. Defendant's answers to Paragraphs 1 through 20 are hereby incorporated by reference.

28. Denied as stated. Co-defendant New England Gas Co. retained Clean Harbors to conduct certain assessment and remediation tasks at the Lawn Terrace Apartments. Numerous other companies were responsible for assessment, remediation, monitoring, restoration and clearance testing.

29. Paragraph 29 states a legal conclusion to which no response is required.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count III Public Nuisance (All Defendants)**

34. Answers to Paragraphs 1 through 33 are hereby incorporated by reference.

35. Denied.

36. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count IV Private Nuisance (All Defendants)**

37. Defendant's answers to Paragraphs 1 through 36 are hereby incorporated by reference.

38. Denied.

39. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count V Strict Liability (Southern Union)**

40. Defendant's answers to Paragraphs 1 through 39 are hereby incorporated by reference.

41-44. Defendant neither admits nor denies the allegations contained in Count Five, paragraphs 41 through 44 of the Plaintiffs' Complaint, as the allegations are neither directed at the Defendant, nor pertain to actions or conduct for which the Defendant is legally responsible,

and to the extent that Count Five alleges that the Defendant was negligent or in any way responsible for the alleged incident and/or plaintiffs' alleged injuries and damages, such allegations are denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count VI Medical Monitoring (All Defendants)**

45. Defendant's answers to Paragraphs 1 through 44 are hereby incorporated by reference.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count VII Violation of R.I.G.L. 23-19.1-22 (All Defendants)**

49. Defendant's answers to Paragraphs 1 through 48 are hereby incorporated by reference.

50. Denied.

51. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Count VIII Equitable Relief (Southern Union)**

52. Defendant's answers to Paragraphs 1 through 51 are hereby incorporated by reference.

53-57. Defendant neither admits nor denies the allegations contained in Count Eight, paragraphs 53 through 57 of the Plaintiffs' Complaint, as the allegations are neither directed at the Defendant, nor pertain to actions or conduct for which the Defendant is legally responsible, and to the extent that Count Eight alleges that the Defendant was negligent or in any way responsible for the alleged incident and/or plaintiffs' alleged injuries and damages, such allegations are denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant denies each and every allegation of negligence in the complaint.

**THIRD AFFIRMATIVE DEFENSE**

Defendant denies that it breached any duty of care with respect to the alleged incident.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiffs' alleged injuries and damages were caused by acts or omissions of persons or entities over whom defendant exercised no control and for whose conduct it bears no responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's alleged negligence was not the proximate cause of the plaintiffs' alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

If the plaintiffs sustained injuries and/or damages, such damages were caused by the acts of third persons or entities which defendant had no reason to anticipate and of which it had no knowledge, or over whom it had no control, and for whose conduct it is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiffs' alleged injuries and/or damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of defendant.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiffs are guilty of contributory negligence and their damages, if any, recovered by them should be reduced in proportion to the said negligence of the plaintiffs in accordance with the applicable provisions of the comparative negligence statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, and any damages awarded against defendant should be reduced accordingly.

**TWELTH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

**THIRTEENH AFFIRMATIVE DEFENSE**

The plaintiffs' claims are barred by assumption of the risk.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been mailed, on this 8th day of March, 2006 to all counsel of record.

Mark W. Dana, (#4150)
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909

Robert A. D'Amico, II (#4593)
James V. Burchfield, Jr., (4095)
536 Atwells Avenue
Providence, RI 02909

Mark P. Dolan (3280)
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Gerald J. Petros (#2931)
Alexandra K. Callam (5358)
Hickley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

Michael J. Smith

The Defendant complied with all applicable statutes and the plaintiffs claim is barred by federal/state statute.

**JURY DEMAND**

Defendant demands a trial by jury on all applicable issues raised herein.

By its Attorney,

Michael J. Smith (#5019)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903
(617) 426 3900

DATED: March 9, 2006