UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL ARRIAGA, LAURA BARBOZA KELLY BROWN, BEVERLY CAMPER, KOREN CARBUCCIA, individually and as parent and natural guardian of Vasken Garabian, BRIAN CORTES, KEMLY CORTES, LUIS CORTES, EBONY CRUZ IRIS CRUZ, JOSE CRUZ, RICHARD CRUZ, JOSE DIAZ, individually and as parent and natural guardian of Brianna A. Diaz, RUBEN DIAZ, EDMOND SEEBECK, RAMATOULAYE DOUKOURE, individually and as parent and natural guardian of Badji Diakate NYDIA ESQUILIN, individually and as parent and natural guardian of Jose Rodriguez, RUTH ESQUILIN, FELIX FLORES, individually and as parent and natural guardian of Janiqua Rivera, MARIA GARCIA, individually and as parent and natural Guardian of Kamalich Garcia, AMANDO GOMES, KIMBERLY HARRIS, individually and as parent and natural guardian of Alexander Harris, KAI JACKSON, CHERYL JENNINGS, YOLANDA JENNINGS, individually and as parent and natural guardian of Nia Coleman and Xavaer Coleman, RUBY JOHNSON, JESSEIKA LOPEZ, individually and parent and natural guardian of Justice Gomes and Genessis Gomes, SANDRA LOPEZ, individually and as parent and natural guardian of Sabrina Reyes and Raul Soto, SOEMI LOPEZ, individually and as natural parent and guardian of Shayln Dupre, ROBERTA MENDES, GRISELDA MENDOZA, individually and as parent and natural guardian of Jane and John Doe, LUZ MORALES, ANGELA NARVAEZ, individually and as parent and natural guardian of D'Andre Narvaez, WANDA NARVAEZ, individually and as parent and natural guardian of Claire Narvaez and Luis Narvaez, HECTOR ORTIZ, KARLA PADIN, individually and as parent and natural guardian of Daniska DaSilva and Karitza DaSilva, ARTHUR PEREZ ELBA PEREZ, MARIA RAMIREZ, individually and as parent and natural guardian of Joel Cruz and Shelia Cruz SUSANA RAMIREZ, individually and as parent and natural guardian of Junior Urraca, Jesus Urraca and Junissa Urraca, ALVRO RODRIGUES, CARMEN RUIZ, individually and as parent and natural guardian of Michelle Rodriquez, ELLEN RUSSELL, EDGAR SANCHEZ, JACQUELINE SANCHEZ, JOYCELYN SILVA, | : | C.A. No. 06-045T |

individually and as parent and natural guardian of LATISHA SILVA, ANNA SMITH, individually and as natural parent of Michael Smith, MARIA SOSTRE, individually and as parent and natural guardian of Carlos Santana and Jorge Santana DEBORAH VARGAS, individually and as parent and natural guardian of David Vargas, ALEXANDRA VASQUEZ, individually and as parent and natural guardian of Alexa Vasquez, Sebastian, JOSEPH VAZQUEZ, MIGDALIA VAZQUEZ, THENA WILLIAMS, individually and as parent and natural guardian of Alexandria Prudence, Taneil Prudence, Thena Prudence, and EDITH YEBOAH,

vs.

NEW ENGLAND GAS COMPANY, an unincorporated division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,

**NEGasCO's OBJECTION TO PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ORAL ARGUMENT**

Defendant New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company, objects to Plaintiffs' Motion to Remand this case to Rhode Island Superior Court.

NEGasCo also requests approximately 30 minutes of oral argument on this objection.

Dated: Providence, Rhode Island
March 21, 2006

Respectfully Submitted,
RICE, DOLAN & KERSHAW

By: Mark Dolan cdb #5523

Mark P. Dolan (#3280)
170 Westminster Street
Suite 900
Providence, RI 02903
(401) 272-8800

HINCKLEY, ALLEN & SNYDER, LLP

By: ______________________
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
1500 Fleet Center
Providence, RI 02903
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

CERTIFICATION

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

Jason Smith
40 Arlington Road, Apt. 6
Warren, RI 02885

Stephen Carberry
2 Celtic Drive
Westport, MA 02790-3017

I hereby certify that I mailed a copy of the within Objection to Plaintiffs' Motion To Remand to counsel of record or parties at their last known address, on the 21st day of March, 2006.

______________________

HAS # 701560v1 (14015/127589)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGEL ARRIAGA, LAURA BARBOZA
KELLY BROWN, BEVERLY CAMPER,
KOREN CARBUCCIA, individually and as parent and
natural guardian of Vasken Garabian, BRIAN CORTES,
KEMLY CORTES, LUIS CORTES, EBONY CRUZ
IRIS CRUZ, JOSE CRUZ, RICHARD CRUZ, JOSE DIAZ,
individually and as parent and natural guardian of
Brianna A. Diaz, RUBEN DIAZ, EDMOND SEEBECK,
RAMATOULAYE DOUKOURE,
individually and as parent and natural guardian of Badji Diakate
NYDIA ESQUILIN, individually and as parent and natural
guardian of Jose Rodriguez, RUTH ESQUILIN,
FELIX FLORES, individually and as parent and natural
guardian of Janiqua Rivera, MARIA GARCIA, individually
and as parent and natural Guardian of Kamalich Garcia,
AMANDO GOMES, KIMBERLY HARRIS,
individually and as parent and natural guardian of
Alexander Harris, KAI JACKSON,
CHERYL JENNINGS, YOLANDA JENNINGS,
individually and as parent and natural guardian of Nia Coleman
and Xavaer Coleman, RUBY JOHNSON,
JESSEIKA LOPEZ, individually and parent and natural
guardian of Justice Gomes and Genessis Gomes,
SANDRA LOPEZ, individually and as parent and natural
guardian of Sabrina Reyes and Raul Soto, SOEMI LOPEZ,
individually and as natural parent and guardian of Shayln Dupre,
ROBERTA MENDES, GRISELDA MENDOZA,
individually and as parent and natural guardian of Jane and
John Doe, LUZ MORALES, ANGELA NARVAEZ,
individually and as parent and natural guardian of
D'Andre Narvaez, WANDA NARVAEZ, individually and
as parent and natural guardian of Claire Narvaez and
Luis Narvaez, HECTOR ORTIZ, KARLA PADIN,
individually and as parent and natural guardian of
Daniska DaSilva and Karitza DaSilva, ARTHUR PEREZ
ELBA PEREZ, MARIA RAMIREZ, individually and as
parent and natural guardian of Joel Cruz and Shelia Cruz
SUSANA RAMIREZ, individually and as parent and
natural guardian of Junior Urraca, Jesus Urraca and
Junissa Urraca, ALVRO RODRIGUES, CARMEN RUIZ,
individually and as parent and natural guardian of
Michelle Rodriquez, ELLEN RUSSELL, EDGAR SANCHEZ,
JACQUELINE SANCHEZ, JOYCELYN SILVA,

C.A. No. 06-045T

individually and as parent and natural guardian of :
LATISHA SILVA, ANNA SMITH, individually and as :
natural parent of Michael Smith, MARIA SOSTRE, :
individually and as parent and natural guardian of :
Carlos Santana and Jorge Santana :
DEBORAH VARGAS, individually and as parent and :
natural guardian of David Vargas, :
ALEXANDRA VASQUEZ, individually and as parent and :
natural guardian of Alexa Vasquez, Sebastian, :
JOSEPH VAZQUEZ, MIGDALIA VAZQUEZ, :
THENA WILLIAMS, individually and as parent and natural :
guardian of Alexandria Prudence, Taneil Prudence, :
Thena Prudence, and EDITH YEBOAH, :
:
vs. :
:
NEW ENGLAND GAS COMPANY, an unincorporated :
division of SOUTHERN UNION COMPANY, :
CLEAN HARBORS ENVIRONMENTAL SERVICES, :
JASON SMITH and STEPHEN CARBERRY, :

## NEGasCO's MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant New England Gas Company (hereafter, "NEGasCo"), an unincorporated division of Southern Union Company, submits this memorandum of law in opposition to Plaintiffs' Motion to Remand this case to Rhode Island Superior Court.

## BACKGROUND

Plaintiffs commenced this action in Rhode Island Superior Court seeking compensatory and punitive damages including compensation for current and future medical monitoring. Most of the fifty-five plaintiffs are residents or former residents of a Pawtucket apartment complex who contend that NEGasCo improperly stored mercury at its Pawtucket facility resulting in plaintiffs' alleged personal injuries and loss of the use and enjoyment of their apartments when they were allegedly exposed to the mercury. (Plaintiffs' Complaint "Compl." at ¶¶ 1-20.)

Following discovery of the mercury at the apartment complex in late 2004, NEGasCo spent more than $6 million cleaning the apartment complex, replacing the residents' personal property, temporarily relocating the residents to alternative housing, providing stipends to the residents, and conducting environmental testing to ensure human health and safety to the satisfaction of all federal, state and local authorities including Rhode Island's Department of Health ("RIDOH") and its Department of Environmental Management ("RIDEM").[1]

Despite the "clean bills of health" issued by RIDEM and RIDOH in 2004, and two more "clean bills of health" issued only a few months ago by RIDEM and RIDOH in response to plaintiffs' claimed health concerns, plaintiffs filed this suit alleging, among other things, that their homes remain unsafe because NEGasCo and Clean Harbors failed to clean the mercury in accordance with applicable standards. (Compl. at ¶¶ 21-33.)

In this suit, plaintiffs apparently seek substantial historical and future monetary damages, along with injunctive relief in the form of a further environmental cleanup and future medical monitoring. In a transparent effort to defeat diversity jurisdiction and prevent removal, plaintiffs also name as nominal defendants Jason Smith ("Smith") and Stephen Carberry ("Carberry") -- two of the four young men who unlawfully entered and removed the mercury from NEGasCo's facility, brought it back to the apartment complex where they played with the mercury in a parking lot, and then allegedly tracked it around the Pawtucket apartment complex. (Compl. at ¶¶ 1-20.) At the time, Smith was 18 years old and Carberry was 20 years old. (See Exhibit 1 of NEGasCo's Memorandum Of Law In Support Of Its Motion For Leave To Depose Jason Smith "Leave Mem.".)

---

[1] Plaintiffs are also suing NEGasCo's environmental expert, Clean Harbors Environmental Services ("Clean Harbors"), for its alleged negligence in connection with the removal of the mercury from plaintiffs' apartments. (Compl. at ¶¶ 27-33.) On March 9, 2006, Clean Harbors filed its answer denying all material allegations that it bears any fault or liability. [D.I. 13.]

NEGasCo timely removed this action from Superior Court to this Court on two separate and independent grounds: diversity and fraudulent joinder. There is no dispute that plaintiffs are all Rhode Island residents and that NEGasCo and Clean Harbors are not. As for Carberry and Smith, based upon documents contained in their criminal court files, both appeared to be citizens of Massachusetts. Thus, for purposes of 28 U.S.C. § 1332(a)(1), NEGasCo understood and believed that there was complete diversity between plaintiffs and defendants.

In its remand motion, plaintiffs contested NEGasCo's assertion that Smith was a resident of Massachusetts. (Plaintiffs' Memorandum Of Law In Support Of Plaintiffs' Motion To Remand "Pl. Mem." at 3).[2] Resolution of the part of plaintiffs' remand motion addressed to the complete diversity issue turned on Smith's domicile; therefore, on March 9, 2006, pursuant to an Order of this Court, NEGasCo deposed Jason Smith. At the deposition, Smith testified that while he has temporarily stayed at seven addresses over the past year alone, he does not reside in Massachusetts and is apparently domiciled in Rhode Island. (Deposition of Jason Smith "Smith Dep." at 60-67, Exhibit 1 hereto). On that basis, NEGasCo withdraws that part of its removal petition premised on complete diversity between plaintiffs and all named defendants.

Nevertheless, the motion for remand still fails because Smith and Carberry have been fraudulently joined in this action. Plaintiffs expressly limit to three theories their asserted claims against Smith and Carberry; namely, public nuisance, private nuisance, and a violation of the R.I. Hazardous Waste Management Act. As set forth in detail below, not one of those claims can be validly asserted against Smith or Carberry. Thus, on the merits, Smith and Carberry are deemed to have been fraudulently joined as defendants in this suit.

---

[2] Plaintiffs do not dispute that their complaint satisfies the minimum amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a).

Moreover, the objective facts, including, among other things, plaintiffs failure to serve Carberry and their decision to serve Smith only after NEGasCo removed this action, coupled with the inability of Smith or Carberry, convicted felons, to satisfy any possible judgment, demonstrates that the plaintiffs could not seriously intend to prosecute this action for an environmental cleanup, medical monitoring and possibly substantial monetary damages against these two convicted felons. Rather, Smith and Carberry have been named as defendants to deprive this court of its jurisdiction over this action. For this reason as well, remand should be denied.

## ARGUMENT

### I.

### SMITH AND CARBERRY HAVE BEEN FRAUDULENTLY JOINED IN THIS ACTION

In determining federal jurisdiction, the residence of Smith and Carberry must be disregarded because they have been fraudulently joined in this action. There is fraudulent joinder where, as here, "there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." Gabrielle v. Allegro Resorts Hotels, et al., 210 F. Supp. 2d 62, 67 (D.R.I. 2002) (quoting Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001)). As otherwise stated by the First Circuit, "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). See also Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (finding fraudulent joinder where plaintiff's complaint failed to allege sufficient facts to support claims against non-diverse defendants under New York law).

Here, the only claims in the Complaint directed at Smith and Carberry are for private nuisance, public nuisance, and violation of § 23-19.2-22 of the HWMA. (Pl. Mem. at 1, 6). While plaintiffs tout that their Complaint "specifically asserts" the "appropriate" counts for the "appropriate" defendants (Pl. Memo at 1, 6), as a matter of law none of the three counts states a valid claim against Smith and Carberry. Accordingly, the citizenship of those fraudulently joined defendants must be disregarded, requiring the denial of the remand motion as there is otherwise no dispute that there is diversity jurisdiction between plaintiffs and the remaining defendants.

## A. **Plaintiffs' Public Nuisance Claim States No Valid Cause Of Action Against Smith And Carberry**

Plaintiffs do not state a valid claim for public nuisance against Smith and Carberry because the Complaint fails to establish an essential element of public nuisance: an interference with a public right.

The Supreme Court of Rhode Island defines a public nuisance as "'an unreasonable interference with a right common to the general public.'" Hydro-Mfg., Inc. v. Kayser-Roth Corp., 640 A.2d 950, 957 (R.I. 1994) (quoting Citizens for Pres. of Waterman Lake v. Davis, 420 A.2d 53, 59 (R.I. 1980)); Prosser, § 88, at 583 (4th ed. 1971) (defining a public nuisance as "an act or omission which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects") (internal quotation omitted).

In Iafrate v. Ramsden, plaintiffs alleged injuries caused by the collapse of a wall located on city-owned property "affect[ing] only persons on the city's premises, not the general public." 96 R.I. 216, 222 (R.I. 1963). Because plaintiffs failed to allege an interference with "any interest of plaintiffs *common to the general public*," the Rhode Island Supreme Court held that plaintiffs failed to state a claim for public nuisance. Id. (emphasis added). Similarly, in Hydro-Mfg., Inc.,

the Court held that the plaintiff could not sustain an action for public nuisance because the damages alleged as a result of contamination to plaintiff's own property "were in [plaintiff's] exercise of its private-property right, not in the exercise of a public right." 640 A.2d at 958. See also Milwaukee Metro. Sewarage Dist. v. City of Milwaukee, 691 N.W.2d 658, 670 (Wis. 2005) (defining public nuisance as "a condition or activity which substantially or unduly interferes with the use of a public place or with the activities of an entire community").

Here, plaintiffs allege that Smith and Carberry removed mercury from an NEGasCo facility, causing injury to plaintiffs in the value of *their* properties, not the properties used in common by all residents of Pawtucket or any larger subdivision. As such, plaintiffs allege a harm only in the exercise of their *private property rights* and not in the exercise of any *public* right.[3] Accordingly, under Rhode Island law, plaintiffs have no cause of action for public nuisance against Smith and Carberry.

## B. Plaintiffs' Private Nuisance Claim Fails To State A Valid Cause Of Action Against Smith And Carberry

Plaintiffs' private nuisance claim against Smith and Carberry also fails as a matter of law because the alleged wrongful conduct does not satisfy the most essential element of a private nuisance cause of action -- that use of one's own real property interferes with the property of a neighbor.

Under Rhode Island law, a "private nuisance 'arises from the unreasonable use of one's property that materially interferes with a neighbor's physical comfort or the neighbor's use of his real estate.'" Hydro-Mfg., Inc., 640 A.2d at 957 (quoting Weida v. Ferry, 493 A.2d 824, 826

[3] Moreover, the mere fact that a large number of persons or private properties have allegedly been affected by contamination does not convert this private injury into a public harm. See Restatement (Second) Torts, § 821B, Comment G (1979) (emphasis added). See also Milwaukee Metro. Sewerage Dist., 691 N.W.2d at 658 ("the distinction between a private and public nuisance is 'not the number of persons injured but the character of the injury and of the right impinged upon'") (quoting Costas v. City of Fond du Lac, 129 N.W.2d 217, 220 (Wis. 1964)).

(R.I. 1985)). Thus, a claim for private nuisance is premised on wrongful activity conducted *on a defendant's property* which adversely affects a neighbor. In this case, plaintiffs cannot establish that Smith and Carberry created a private nuisance because the wrong alleged -- the removal of mercury from NEGasCo's facility and the subsequent discharge of the substance into plaintiffs' apartments -- did not arise from the use of Smith's and Carberry's own real property (indeed, Smith and Carberry are not even alleged to have owned or even leased any property).

Accordingly, plaintiffs have no cause of action for private nuisance against Smith and Carberry under Rhode Island law.

**C. Plaintiffs State No Viable Claim Against Smith And Carberry Under The Rhode Island Hazardous Waste Management Act**

Plaintiffs' claim against Smith and Carberry premised under § 23-19.1-22 of the HWMA, does not state a cause of action because no private right of action exists under this statute.

Despite plaintiffs' contention that the law is "sparse" on the issue (see Pl. Mem. at 8), Rhode Island courts that have addressed the question of whether a private cause of action exists under the HWMA have unequivocally held that the statute does not create a private right of action. See Hotel Assocs., LLC v. HMS Assocs. Ltd. P'ship., C.A. No. 96-6273, C.A. No. 97-0507, 2004 R.I. Super. LEXIS 44, *34 (R.I. Super. Feb. 20, 2004) (refusing to infer a private cause of action in the HWMA). The Rhode Island Supreme Court, in an unpublished order, similarly opined that the HWMA does not provide for a private right of action. See Stoutenburgh v. Dierauf, No. 90-194-Appeal (R.I. Dec. 13, 1990).

Plaintiffs' assertion that "such a proposition is not clear and at best, is open for debate" (Pl. Mem. at 7-8), is without merit. Indeed, while Stoutenburgh is an unpublished order, it is an irrefutable indication of "the rule the state court would most likely follow under the circumstances." Blinzler v. Marriot Int'l, Inc., 81 F.3d 1148, 1151 (1st Cir. 1996). Indeed, the

case plaintiffs cite to support their contention that Rhode Island's highest court has not ruled on the issue, Hotel Assoc., LLC, held that the HWMA does not provide a private right of action. Thus, Hotel Assoc., LLC, although not a decision of Rhode Island's highest court, still provides support for the conclusion that the HWMA does not provide for a private right of action. See Blinzler, 81 F.3d at 1151 (a federal court may seek guidance in analogous state court decisions when "making an informed prophecy" of what the state's highest court would do). Accordingly, plaintiffs have no claim against Smith and Carberry under the HWMA.

In short, the Court should deny the motion to remand because the Complaint fails to state a claim against Smith and Carberry.

## II.

## PLAINTIFFS COULD NOT OBJECTIVELY INTEND TO PROSECUTE THIS ACTION AGAINST SMITH AND CARBERRY WHO HAVE BEEN NAMED TO DEFEAT REMOVAL/DIVERSITY

Not only do plaintiffs fail to state a claim against Smith and Carberry, but based on the relief sought -- substantial monetary damages and remediation costs -- it is equally clear that plaintiffs could not objectively intend to prosecute this action against them. Rather, Smith and Carberry have been named as defendants in an unabashed attempt to defeat removal and diversity jurisdiction.

A motion to remand may be denied where, as here, a party has been named "without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the . . . right of removal." See e.g., Wilson v. Republic Iron & Steel, Co., 257 U.S. 92, 98 (1921). Indeed, "[a]s long as Congress authorizes the federal district courts to exercise subject matter jurisdiction over diversity actions [courts] must protect the right of parties to invoke it" and "improper efforts to prevent [a defendant] from exercising its statutory right under

28 U.S.C. § 1441 to remove cases based on diversity of citizenship to the federal courts" should not be tolerated. Anderson v. Am. Home Prods. (In re Diet Drugs Prods. Liab. Litig.), 220 F.Supp. 2d 414, 425 (E.D. Pa. 2002).

Here, plaintiffs' actions to date demonstrate that objectively they could have no "good faith" basis to prosecute this action as to Smith and Carberry. First, plaintiffs have never served Carberry with the Summons or Complaint. See e.g., Ison Logging L.L.C. v. John Deere Constr. Equip. Co., 2000 U.S. Dist. LEXIS 316, *6 n.1 (D. Ala. Jan. 10, 2000) ("it is clear that the citizenship of a defendant who has not been properly joined and served cannot defeat removal jurisdiction") (citing Mask v. Chrysler Corp., 825 F.Supp. 285, 289 (N.D. Ala. 1993) (giving plain meaning to 28 U.S.C. § 1441(b) and holding that a "case was properly removed because the [non-diverse defendant] has not been served)). Further, although plaintiffs did serve Smith, they did so only after NEGasCo asserted his fraudulent joinder. (Pl. Mem. at Exhibit 1.) Tellingly, although Smith has defaulted in responding to the Complaint, plaintiffs have not sought the entry of judgment against him.[4]

It is no wonder that plaintiffs have no intention of prosecuting their claims against Smith and Carberry. After all, they are both convicted felons who for all intents and purposes are judgment proof. As Smith testified at his deposition, he is a high school drop out who has been intermittently employed as a stock boy and cashier, and does not have a bank account, own a car, or have any assets to speak of. (Smith Dep. at 9, 11, 17-30, 74-75.) Indeed, if Smith were faced with a $1,000 debt, he testified he would have to pay it off "slowly." Id. at 74. Smith, of course, had no counsel of his own for his deposition, and during his prosecution for the illegal removal

[4] Indeed, instead of moving for entry of judgment against Smith, plaintiffs' counsel has conferred with Smith and then obtained an affidavit from him concerning his domicile. (See Smith Dep. at 53-56.)

of mercury from an NEGasCo facility his defense was funded by the State. (See Exhibit 1 of "Leave Mem.".)

Similarly, the indigent Carberry's defense was funded by the State. (See November 25, 2005 Notice of Court Appearance, Exhibit 2 hereto). Indeed, during the course of that defense, Carberry could not even post a $5,000 bail. (See Criminal Case Action Reports, Exhibit 3 hereto). It is hard to imagine that Carberry's financial wherewithal has improved now that he is a convicted felon.

While there is no dispute that Smith and Carberry were convicted of illegally removing mercury from an NEGasCo facility, the objective facts -- including plaintiffs actions thus far -- indicate no basis to believe that plaintiffs could reasonably intend to pursue these young convicted felons for the costs of an environmental cleanup, the costs of medical monitoring and allegedly substantial monetary damages. This improper effort to deny this Court's federal subject matter jurisdiction should not be tolerated, and plaintiffs' motion to remand should be denied on this basis as well.

## CONCLUSION

For the foregoing reasons, because Smith and Carberry have been "fraudulently joined" as defendants in this case, Plaintiffs' Motion to Remand should be denied.

Dated: Providence, Rhode Island
March 21, 2006

Respectfully Submitted,
RICE, DOLAN & KERSHAW

By: Mark Dolan / CDB#5532
Mark P. Dolan (#3280)
170 Westminster Street
Suite 900
Providence, RI 02903
(401) 272-8800

HINCKLEY, ALLEN & SNYDER, LLP

By:
Gerald J. Petros (#2931)
Alexandra K. Callam (#5358)
1500 Fleet Center
Providence, RI 02903
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

CERTIFICATION

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

Jason Smith
40 Arlington Road, Apt. 6
Warren, RI 02885

Stephen Carberry
2 Celtic Drive
Westport, MA 02790-3017

I hereby certify that I mailed a copy of the within Memorandum of Law In Opposition To Plaintiffs' Motion To Remand to counsel of record or parties at their last known address, on the 21st day of March, 2006.

Linda S Guastella

HAS # 701329v1 (14015/127589)