UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | C.A. No. 06-45T |
| Defendants. | : | |

**DEFENDANT NEW ENGLAND**
**GAS COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant New England Gas Company (hereafter, "NEGasCo"), an unincorporated division of Southern Union Company, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the counts of plaintiffs' Complaint premised on claims of public nuisance, private nuisance and a violation of Rhode Island's Hazardous Waste Management Act ("HWMA"). NEGasCo also seeks to dismiss all claims for compensation for medical monitoring and equitable relief in the form of remediation of their properties, as well as plaintiffs' demand for punitive damages.

In support of this Motion, NEGasCo relies on the memorandum of law submitted herewith.

NEW ENGLAND GAS COMPANY,
an unincorporated division of
Southern Union Company

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

**CERTIFICATION**

To:

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

I hereby certify that on May 29, 2007, a copy of the foregoing Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br><br>Defendants. | : | C.A. No. 06-45T |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT NEW ENGLAND**
**GAS COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant New England Gas Company (hereafter, "NEGasCo"), an unincorporated division of Southern Union Company, submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the counts of plaintiffs' Complaint (the "Complaint") premised on claims of public nuisance, private nuisance and a violation of Rhode Island's Hazardous Waste Management Act ("HWMA"). NEGasCo also seeks to dismiss all claims for compensation for medical monitoring and equitable relief in the form of remediation of their properties, as well as plaintiffs' demand for punitive damages.

**PRELIMINARY STATEMENT**

By this action, plaintiffs seek to recover money damages and injunctive relief as a result of the alleged contamination of an apartment complex where they either currently reside or once resided in Pawtucket, Rhode Island. Plaintiffs allege that perpetrators Stephen Carberry ("Carberry") and Jason Smith ("Smith") "gained access" to NEGasCo's Tidewater facility,

removed mercury stored at that facility, and brought it back to plaintiffs' apartment complex where they "spilled" it in the parking lot and "tracked" it into plaintiffs' apartments. (Complaint at ¶¶ 1, 9, 13, 15-18). Using crowbars and bats, Carberry and Smith broke into a locked NEGasCO facility, stole liquid mercury, took it back home, and then spread it around the Lawn Terrace apartment complex where plaintiffs allegedly resided.

Plaintiffs allege that they were exposed to the mercury and further claim that the remediation of mercury from their apartment complex by NEGasCo's co-defendant Clean Harbors Environmental Services ("Clean Harbors") was negligently performed, resulting in their continued exposure to mercury. (Complaint at ¶¶ 20, 27-33).[1] Plaintiffs' Complaint pleads claims against NEGasCo for (1) negligence; (2) public nuisance; (3) private nuisance; (4) strict liability; and (5) a violation of section 23-19.1-22 (1956) of Rhode Island's HWMA. Plaintiffs also seek medical monitoring, remediation of their properties and punitive damages.

On April 16, 2007, this Court entered an opinion and order (the "Opinion and Order") denying plaintiffs' motion to remand and dropping Smith and Carberry from the case on the basis that plaintiffs' Complaint against these purportedly non-diverse defendants failed to state claims against them for public nuisance, private nuisance and a violation of section 23-19.1-22 (1956) of Rhode Island's HWMA. As plaintiffs have declined voluntarily to delete those identical, defective claims as asserted against NEGasCo, such claims should be dismissed for the reasons set forth in the Opinion and Order.

[1] It is a matter of public record that the Rhode Island Department of Environmental Management ("RIDEM") and the Rhode Island Department of Health ("RIDOH") have conducted numerous inspections of the premises prior to plaintiffs return to their apartments to ensure that the premises were completely remediated and safe; at plaintiffs' counsel's request, prior to commencing this suit such agencies re-performed the tests to ensure the safety of the premises and again gave it a clean bill of health. Plaintiffs nevertheless filed suit claiming unsafe levels of mercury.

Plaintiffs' claims for remediation, medical monitoring and punitive damages also fail to state claims upon which relief can be granted for the following reasons:

**Medical Monitoring** -- No Rhode Island court has ever held that medical monitoring is a valid cause of action or a distinct basis for damages. Therefore, plaintiffs' cause of action for medical monitoring must be dismissed and, to the extent plaintiffs seek it as a remedy, such demand must be dismissed as well.

**Equitable Relief of Remediation** -- The relief sought -- the remediation of plaintiffs' apartments -- is a remedy, not a cause of action.

**Punitive Damage** -- As plaintiffs fail to plead any facts to support their demand for punitive damages, such demand must be dismissed under Rhode Island law.

## FACTUAL ALLEGATIONS[2]

Plaintiffs are current and former residents of an apartment complex in Pawtucket, Rhode Island who claim that Smith and Carberry entered a NEGasCo facility, removed mercury -- that was allegedly improperly stored at the facility -- and brought it back to the Lawn Terrace apartment complex, "spilled" it in the parking lot of the apartment complex and "tracked it" into the apartments. (Complaint at ¶¶ 1, 9, 13, 15-18). Plaintiffs allege that they were exposed to the mercury when Smith and Carberry brought it to the apartment complex and allege that, because defendant Clean Harbors' remediation and testing of plaintiffs' apartments for mercury was negligently performed, they continue to be exposed to the mercury. (Complaint at ¶¶ 20, 27-33).

The Complaint seeks to recover compensatory and punitive "damages for the diminution in the value of [plaintiffs'] properties (which they rent), loss of use and enjoyment of their properties, physical injuries, medical expenses and severe emotional distress caused by the

[2] Well-pleaded facts are assumed true solely for purposes of this motion.

Defendants disposal of and/or release of mercury." Plaintiffs seek "the costs of a medical monitoring program, including future testing for exposure to mercury" and equitable relief, to wit, "the full and complete remediation of all" property allegedly contaminated with mercury. Plaintiffs also seek punitive damages. (Complaint at ¶¶ 1, 45-48, 56).

**ARGUMENT**

A motion pursuant to Rule 12(b)(6) should be granted where, as here, the allegations of the complaint demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing a complaint pursuant to Rule 12(b)(6), a court must distinguish between pleaded facts and mere legal conclusions. While the court is bound under Rule 12(b)(6) to accept well pleaded facts as true, legal conclusions are due no deference. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) ("Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation"); Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (courts reviewing under Rule 12(b)(6) must "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets'."); Dewey v. Univ. of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) (Rule 12(b)(6) "does not entitle a plaintiff to rest on 'subjective characterizations' or conclusory descriptions of 'a general scenario which could be dominated by unpleaded facts.'")

Consequently, a plaintiff must set forth factual allegations with respect to each material element necessary to sustain recovery under some actionable legal theory. The First Circuit has discussed "the dividing line between adequate 'facts' and inadequate 'conclusions'." Cooperman v. Individual Inc., 171 F.3d 43, 47 (1st Cir. 1999). "[I]t is only when . . . conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested

inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes" and the court must "examine [the] factual allegations to see if they support the conclusions pled." Id. at 47-48 (internal quotation omitted).

As demonstrated below, plaintiffs' claims for private nuisance, public nuisance, a violation of the HWMA, medical monitoring, equitable relief and punitive damages, must be dismissed applying the foregoing standards.

## I. PLAINTIFFS' PRIVATE AND PUBLIC NUISANCE CLAIMS AND HWMA CLAIM MUST BE DISMISSED

In its April 16 Opinion and Order, the Court denied plaintiffs' motion to remand because the claims brought against the purportedly non-diverse defendants, Smith and Carberry, for public nuisance, private nuisance and a violation of Rhode Island's HWMA failed to state causes of action under Rhode Island law. See Arriaga et al. v. New England Gas Company et al., 2007 U.S. Dist. LEXIS 27827 (D. R.I. April 16, 2007). For the reasons set forth in the Court's Opinion and Order, those same claims fail when asserted against NEGasCo and the Court should therefore dismiss those claims.

## II. PLAINTIFFS' CAUSE OF ACTION FOR MEDICAL MONITORING MUST BE DISMISSED

Plaintiffs' sixth cause of action for "Medical Monitoring" must also be dismissed. As a threshold matter, "medical monitoring" has never been recognized by any Rhode Island court as a valid cause of action nor as a remedy.[3]

Accordingly, plaintiffs' cause of action for medical monitoring must be dismissed.

---

[3] In addition, to the extent plaintiffs' seek medical monitoring as a form of relief, such a demand must also be dismissed, because plaintiffs have yet to suffer any injury. Plaintiffs plead that they have been exposed to hazardous substances, and "as a result of such exposure, plaintiffs are at an increased risk of contracting latent diseases . . ." (Complaint ¶¶ 46-47.) Plaintiffs do not plead that they have contracted any such diseases. It is well settled that there can be no recovery in tort where there is no injury. As Professor Prosser notes, "the threat of future harm, not yet realized, is not enough" for recovery in tort. W. Page Keeton, et al, Prosser and Keeton on the Law of Torts § 30 at 165 (West 5th ed 1984); see also Crawford v. Cooper/T. Smith Stevedoring Co., 14 F. Supp. 2d 202, 209 (D.R.I. 1998) (plaintiff must allege actual injury in order to recover in tort).

## III. PLAINTIFFS' CAUSE OF ACTION FOR "EQUITABLE RELIEF" MUST BE DISMISSED

Under Rhode Island law, equitable relief is not an independent cause of action, but a remedy. See Rhode Island v. Lead Indus. Assn., 2001 R.I. Super. LEXIS 37, 53-56 (April 2, 2001) (noting the absence of Rhode Island case law establishing an independent cause of action for equitable relief expressly stating that injunctive relief is a remedy, not a substantive claim). Therefore, no claim for such remediation lies against NEGasCo, and such claim must therefore be dismissed.

## IV. PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES MUST BE DISMISSED

Finally, plaintiffs seek punitive damages for NEGasCo's alleged improper conduct. This demand must be dismissed because plaintiffs fail to allege any facts to support the imposition of punitive damages.

In order to properly plead a demand for punitive damages, "one must allege that the other party acted 'with the intent to cause harm.' Hence, merely reckless conduct that is not malicious, wanton, or willful is insufficient to support a claim for punitive damages." Hayes v. Don Law Co., 1996 U.S. Dist. LEXIS 22814, *10 (D.R.I. June 20, 1996) (quoting Wilson Auto Enters. Inc. v. Mobil Oil Corp., 778 F. Supp. 101, 107 (D.R.I. 1991)); Regan v. Cherry Corp., 706 F. Supp. 145, 153 (D.R.I. 1989).

Here, plaintiffs have not alleged that NEGasCo acted with intent to cause harm, with malice or wickedness, or in bad faith. Moreover, the Complaint does not contain a single factual allegation that supports such a contention. Therefore, plaintiffs' demand for punitive damages must be dismissed. As the court held in Wilson Auto:

> [Plaintiff] has not alleged facts that would justify punitive damages. In his complaint, [plaintiff] makes the conclusory statement that [defendant] acted 'with wantoness, recklessness, and outrageousness' . . . [Plaintiff] fails, however, to allege malice or

> an intent to harm others. The Court is not merely pointing out that [plaintiff] neglected to employ particular adverbs: [Plaintiff] has not alleged any facts that would suggest that [defendant] acted with malice -- with an intention to cause harm. By charging [defendant] with wantonness and outrageousness, [plaintiff] alleges gross recklessness, but nothing more.

778 F. Supp. at 107.

Accordingly, plaintiffs' demand for punitive damages should also be dismissed.

## CONCLUSION

For the foregoing reasons, the claims in plaintiffs' Complaint for: (i) public nuisance; (ii) private nuisance; (iii) a violation of Rhode Island's HWMA; (iv) medical monitoring; (v) equitable relief in the form of remediation; and (vi) punitive damages, should be dismissed.

Dated:

NEW ENGLAND GAS COMPANY,
an unincorporated division of
Southern Union Company

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

## CERTIFICATION

To:

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

I hereby certify that on May 29, 2007, a copy of the foregoing Memorandum of Law in support of Defendant's Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros