**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANGEL ARRIAGA, et al.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No.: 06-45T** |
| | : | |
| **NEW ENGLAND GAS COMPANY,** | : | |
| **an unincorporated Division of SOUTHERN** | : | |
| **UNION COMPANY, CLEAN HARBORS** | : | |
| **ENVIRONMENTAL SERVICES,** | : | |
| **JASON SMITH and STEPHEN CARBERRY** | : | |
| **Defendants.** | : | |

**DEFENDANT CLEAN HARBORS' MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS,**
**OR ALTERNATIVELY, MOTION FOR JUDGMENT ON PLEADINGS**

The Plaintiffs initiated the instant action against the moving Defendant, Clean Harbors Environmental Services ("Defendant Clean Harbors"), which was retained by co-defendant New England Gas Company to conduct certain assessment and remediation tasks at the Lawn Terrace Apartments, for negligence (Count II), public nuisance (Count III), private nuisance (Count IV), medical monitoring (Count VI), and violation of R.I. Gen. Laws § 23-19.1-22 (Count VII). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Clean Harbors now moves to dismiss Counts III, IV, VI and VII as the Complaint fails to allege facts sufficient to state such claims against Defendant Clean Harbors. Defendant Clean Harbors further moves to dismiss Plaintiffs' claim for relief of punitive damages in Count II for negligence as the Complaint fails to plead facts sufficient to support such claim. In the alternative, Defendant Clean Harbors moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## INTRODUCTION

Plaintiffs assert, in part, claims for public nuisance, private nuisance, medical monitoring and violation of R.I. Gen. Laws § 23-19.1-22 against Defendant Clean Harbors for its alleged conduct in cleaning and removing mercury located at the Lawn Terrace Apartment Complex. *See*

Complaint. These claims must be dismissed because: (1) as this Court has already found, Plaintiffs' Complaint does not satisfy either of the requisite elements for a public nuisance claim; (2) there are no allegations that the alleged mercury contamination resulted from any activity that Defendant Clean Harbors was conducting *on its own property*; (3) medical monitoring is not recognized as a separate cause of action or a basis for damages; and (4) as this Court has already held, Rhode Island's Hazardous Waste Management Act, R.I. Gen. Stat. § 23-19.1-22 does not create a private right of action.

## I. BACKGROUND

On or about January 20, 2006, Plaintiffs filed a Complaint in Rhode Island state court seeking equitable relief and monetary damages for alleged contamination of their residences by mercury belonging to co-defendant New England Gas Company ("NEGasCo"). In their Complaint, Plaintiffs allege that Defendant Clean Harbors was retained by New England Gas Company to clean and remove the mercury located at the Lawn Terrace Apartments complex. *See* **Exhibit A** *generally* and *specifically* at ¶28. The Complaint contains claims for negligence (Count II), public nuisance (Count III), private nuisance (Count IV), medical monitoring (Count VI) and violation of R.I. Gen. Stat. § 23-19.1-22 (Count VII) against Defendant Clean Harbors.

At all relevant times, Plaintiffs alleged they resided in or near the Lawn Terrace Apartments complex in Pawtucket, Rhode Island. *See* Complaint; *see also Arriaga v. New England Gas Co., et al.*, No. 06-45T, 2007 WL 1119888, *6 (D.R.I. Apr. 16, 2007) (Torres, J.). Plaintiffs allege that they were exposed to mercury when perpetrators Stephen Carberry ("Carberry") and Jason Smith ("Smith") gained access to co-defendant NEGasCo's, Tidewater facility, removed mercury stored at that facility, and brought it back to Plaintiffs' apartment complex where Carberry and Smith spilled mercury into the parking lot and caused Plaintiffs' apartments to become contaminated with mercury. *See* Complaint at ¶¶ 1, 9, 13, 15-18.

Plaintiffs further claim that they suffered and continue to suffer injuries to their persons and property due to the alleged negligence of Defendant Clean Harbors in removing and cleaning mercury from the Lawn Terrace Apartment complex. *See* Complaint at ¶¶ 28, 33.

The matter was removed to federal court on or about January 27, 2006. Plaintiffs subsequently filed a motion to remand. On April 16, 2007, this Court entered an Opinion and Order denying Plaintiffs' motion to remand and dropping dropped Carberry and Smith from the case on the basis that Plaintiffs' Complaint against these purportedly non-diverse defendants failed to state claims against them for public nuisance, private nuisance and violation of R.I. Gen. Laws § 23-19.1-22. *See Arriaga v. New England Gas Co., et al.*, 2007 WL 1119888, at *8. For reasons set forth in this Court's Order and Opinion, the counts for public nuisance, private nuisance and violation of R.I. Gen. Laws § 23-19.1-22 must also be dismissed as to Defendant Clean Harbors.

Further, the separate count for medical monitoring must be dismissed because no Rhode Island Court has ever held that medical monitoring is a valid cause of action or a basis for damages.

Finally, Plaintiffs' claim for relief of punitive damages in Count II for negligence must also be dismissed as the Complaint fails to plead facts sufficient to support such claim.

## II. ARGUMENT

### A. Applicable Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is appropriate where Plaintiffs' complaint fails to state a claim for which relief could be granted. Specifically, the complaint should be dismissed where it fails to set forth factual assertions to support "each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). In evaluating a motion to dismiss, the Court must accept all

well-pleaded factual assertions in the complaint as true and draw all reasonable inferences from those assertions in the plaintiff's favor. *Aybar v. Crispin-Reyes*, 118 F.3d 10, 13 (1st Cir. 1997). However, the Court need not credit "bald assertions," subjective characterizations or "unsubstantiated conclusions." *Rodi v. Southern New Eng. Sch. of Law*, 389 F.3d 5, 10 (1st Cir. 2004). Nor may a plaintiff rest on allegations of a "general scenario which could be dominated by unpleaded facts." *Dewey v. Univ. of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982). In this case, Counts III, V, VI and VII should be dismissed as to Defendant Clean Harbor because Plaintiffs cannot prove any set of facts entitling them to relief. *See Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994). Further, Plaintiffs' claim for relief of punitive damages in Count II for negligence should be dismissed because Plaintiffs fail to allege facts sufficient to support such claim.

**B. As Held In This Court's April 16, 2007 Order And Opinion, Count III Should Be Dismissed Because Plaintiffs Fail To State A Cause Of Action For Public Nuisance Against Defendant Clean Harbor.**

In asserting a public nuisance claim in Rhode Island, a plaintiff must establish (1) that the defendant unreasonably interfered with a "right common to the general public" and (2) that the plaintiff sustained "special damages" as a result of the interference. *Arriaga*, 2007 WL 1119888, at *6 (citations omitted). In general, a public nuisance "refers to the interference with 'the health, safety, peace, comfort or convenience of the general community.'" *See id.* at 6 (quoting *Citizens for Pres. of Waterman Lake v. Davis*, 420 A.2d 53, 59 (R.I. 1980) and citing *Gail v. New England Gas Co., Inc.*, 460 F. Supp. 2d 314, 324 (D.R.I. 2006) (Torres, J.)). An interest "common to the general public" has been described as a "collective right that is shared by everyone in the community as opposed to a right that is possessed only by certain numbers of the public." *Id.* (citing Restatement of Torts 821 cmt. g). In order to establish "special damages," "a private plaintiff must show that he has 'suffered harm of a kind different than that suffered by

other members of the public exercising the right common to the general public that was the subject of the interference." *Id.* at 7 (quoting *Hydro-Mfg.*, 640 A.2d at 958 (quoting Restatement (Second) of Torts § 831C(1))). Here, as this Court has already found, Plaintiffs have not satisfied either of the requisite elements for a public nuisance claim. *Id.* at 6-8. Thus, Count III should be dismissed as to Defendant Clean Harbor.

First, the Complaint in this case does not set forth factual allegations which implicate that Plaintiffs have sustained infringement upon any right common to the general public. *Arriaga*, 2007 WL 1119888, at 6-7. Nor, as this Court has recognized, are there any such facts. *See id.* Rather, here, the alleged mercury contamination was contained within the Lawn Terrace Apartments complex and five other homes. *See id.* at 7. Consequently, there was no interference with a right of the general public because the "general public" was not affected by the mercury contamination. *Id.* Moreover, Defendant Clean Harbors was merely retained to clean up mercury contamination at the Lawn Terrace Apartments complex where Plaintiffs reside. Certainly, the general public was not implicated by the limited scope of the work performed by Defendant Clean Harbors at the Lawn Terrace Apartments complex.

Second, the Complaint does not set forth factual allegations that Plaintiffs, private citizens, sustained "special damages." *Arriaga*, 2007 WL 1119888, at 8. Specifically, Plaintiffs have failed to set forth allegations that they "'suffered harm of a kind different than that suffered by other members of the public exercising the right common to the general public that was the subject of interference.'" *Id.* at 7-8 (quoting *Hydro-Mfg.*, 640 A.2d at 958). This is because, here, the harm alleged by Plaintiffs "is the effect of exposure to the mercury and the kind of harm would be the same for other members of the public as it would be for [P]laintiffs." *Id.* at 8.

Because Plaintiffs have failed to satisfy either of the requisite elements to state a claim for public nuisance, Count III should be dismissed as to Defendant Clean Harbors.

**C. <u>Count IV Should Be Dismissed Because Plaintiffs Fail To State A Cause Of Action For Private Nuisance Against Defendant Clean Harbors</u>.**

It is well established under Rhode Island law that a cause of action for a private nuisance requires that a plaintiff show an "interference with the use of their property that was caused by the defendants' unreasonable use of their own property." *Arriaga v. New England Gas Co.*, 2007 WL 1119888, at *6 (citing *Hydro-Manufacturing, Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 957-58 (R.I. 1994) and *Gail v. New England Gas Co., Inc.*, 460 F. Supp. 2d 314, 324-25 (D.R.I. 2006)). Here, there are no allegations that the alleged mercury contamination resulted from any activity that Defendant Clean Harbors was conducting *on its own property*. *See* Complaint *generally* and *specifically* at ¶¶ 37-39. Nor can there be as Defendant Clean Harbors does not own any of the property which is the subject of this action. Rather, Defendant Clean Harbors merely performed certain remediation work at the apartment complex at which Plaintiffs' reside. Consequently, Count IV should be dismissed as to Defendant Clean Harbors.

**D. <u>Count VI Must Be Dismissed Because Medical Monitoring Is Not A Separate Cause Of Action Upon Which Relief May Be Granted Nor A Basis For Damages</u>.**

In Count VI of their Complaint, Plaintiffs attempt to assert a separate cause of action for medical monitoring as a "result of Defendants' negligent and reckless conduct." Complaint at ¶¶ 45-48. Count VI should be dismissed, however, because no Rhode Island Court has ever recognized medical monitoring as a valid cause of action.

Moreover, Plaintiffs cannot recover damages in the form of medical monitoring under any cause of action. This is because "[i]n Rhode Island, a plaintiff must prove a current manifestation of injury, neither mental anguish without physical symptoms nor a heightened risk of cancer is enough to create a cause of action in tort. *See Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. 101, 106 (D.R.I. 1991). Here, Plaintiffs have not yet suffered any injury

and plead nothing more than a heightened risk of cancer or disease. *See* Complaint, Count VI. This is insufficient to support a claim for damages of medical monitoring.

**E. <u>Count VII Must Be Dismissed Because R.I. Gen. Stat. § 23-19.1-22 Does Not Create A Private Right Of Action</u>.**

In Count VII, Plaintiffs seek recovery for Defendant Clean Harbors' alleged violation of Rhode Island's Hazardous Waste Management Act, R.I. Gen. Stat. § 23-19.1-22. Count VII must be dismissed, however, because, as this Court has held, the Act does not create a private right of action. *Arriaga v. New England Gas Co., et al.*, No. 06-45T, 2007 WL 1119888, at *6 (citing *Stoutenburgh v. Dierauf*, No. 90-194-Appeal (R.I. Dec. 13, 1990) and *Corvello v. New England Gas Co., Inc.*, 460 F. Supp. 2d at 327-28).

**F. <u>Plaintiffs' Claim For Punitive Damages In Count II For Negligence Must Be Dismissed Because Plaintiffs Fail To Allege Sufficient Facts.</u>**

In Count II for negligence, Plaintiffs seek punitive damages for Defendant Clean Harbors' alleged conduct in cleaning and removing mercury from the Lawn Terrace Apartments complex. *See* Complaint, Count II. This demand must be dismissed because Plaintiffs fail to allege any facts to support Plaintiffs' claim for punitive damages. Specifically, Plaintiffs have not alleged that Defendant Clean Harbors acted with intent to cause harm or acted maliciously or willfully. *See Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. at 107-108 ("In Rhode Island, punitive damages must be based upon intentional or malicious conduct toward the plaintiff. Conduct that is merely reckless does not justify punitive damages."); *see also* Complaint *generally* and *specifically* at Count II. Nor do Plaintiffs allege facts sufficient to support such contentions. *See id.* Accordingly, Plaintiffs' demand for punitive damages in Count II should be dismissed or otherwise stricken.

## III. CONCLUSION

WHEREFORE**,** for all of the foregoing reasons, the Defendant, Clean Harbors Environmental Services, requests that this Court enter an Order dismissing Counts III, IV, VI and VII as to Defendant Clean Harbors and dismissing Plaintiffs' claim for relief of punitive damages in Count II. Alternatively, Defendant Clean Harbors requests judgment on the pleadings with respect to Counts III, IV, VI and VII. Defendant Clean Harbors further requests any other relief that the Court deems just and proper.

**Defendant,**
**CLEAN HARBORS**
**ENVIRONMENTAL SERVICES**,
By its attorneys,

May 31, 2007

/s/ Valerie N. Kloecker___________________
Michael J. Smith (#5019)
Valerie N. Kloecker (#7327)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI
(800) 840-5087
(617) 426-0380 (fax)

Please send all correspondence to:
One Liberty Square, 6th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2007, a copy of the foregoing *Defendant Clean Harbor's Memorandum of Law in Support of its Motion to Dismiss, or Alternatively, Motion for Judgment on Pleadings* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mark W. Dana, Esq.
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02909

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Gerald J. Petros, Esq.
Alexandra K. Callam, Esq.
Hickley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

/s/ Valerie N. Kloecker_________________