**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, Defendants, | : | |

***PLAINTIFFS' OBJECTION TO DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION TO DISMISS***

Now comes the Plaintiffs, by and through their attorneys, and hereby objection to Defendant, New England Gas Company's Motion to Dismiss. A memorandum of law is attached in support of their objection.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

__/s/ Robert A. D'Amico II_________

__/s/ Mark W. Dana________________

Robert A. D'Amico II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

## ***CERTIFICATION***

I hereby certify that on this 13th day of June, 2007, a true copy of the within Motion and Memorandum was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael Smith***
***Bonner Kiernan Trebach & Crociata, LLP***
***55 Pine Street***
***Providence, RI 01903***

/s/ Mark W. Dana________________
**of D'AMICO – BURCHFIELD, LLP**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs,<br>vs.<br><br>NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO. 06-045T |

***PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION TO DISMISS***

Plaintiffs have submitted this memorandum of law in support of their objection to Defendant, New England Gas Company's (hereinafter "NEGasCo") Motion to Dismiss. Defendant NEGasCo has asserted that Plaintiffs cause of actions for public nuisance, private nuisance and violation of Rhode Island's Hazardous Waster Management Act ("HWMA") and for medical monitoring must be dismissed. It also asserts that equitable relief is a remedy not a cause of action and therefore, it must be dismissed. Finally, it asserts that Plaintiffs have failed to plead any facts to support a demand for punitive damages. This Court is well aware of the material facts that led to this litigation and they need not be re-asserted herein.

***STANDARD***

In considering a Rule 12(b)(6) motion, a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996). Dismissal is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

## ***ARGUMENT***

### ***PUBLIC NUISANCE, PRIVATE NUISANCE AND HWMA COUNTS***

As it relates to the counts of public nuisance, private nuisance and HWMA Plaintiffs are cognizant of this Courts determination in *Arriaga v. New England Gas Company et al.*, 2007 U.S. Dist. LEXIS 27827 (D.R.I. April 16, 2007) dismissing those counts relating to Smith and Carberry. Plaintiffs at this time consent to the dismissal of those counts as it relates to the remaining Defendants.

### ***MEDICAL MONITORING***

Defendant NEGasCo next alleges in their memorandum that "medical monitoring" has never been recognized in Rhode Island. Defendant is wrong. The issue has never been entertained in any manner in Rhode Island however, such claims have been recognized elsewhere. Claims for medical monitoring have been addressed as a valid claim in almost every Federal Court in the United States including the United States Supreme Court. See, *Norfolk & Western Railway Company v. Freeman Ayers*, 538 U.S. 135 (2003).

In *Freeman* the Court analyzed the issue of whether claimants exposed to asbestos may be compensated for fear of cancer. Of decisions that address the issue, a clear majority sustain recovery. *Id* at 151. Courts have addressed the issue of when a statute of limitation may accrue relative to medical monitoring claims. See, *Barnes v. The American Tobacco Company*, 161 F.3d 127 (3d Cir. 1998); *Carey v. Kerr-Mcgee Chem. Corp*. 999 F.Supp. 1109 (N.D.Ill. 1998). See *Badillo v. American Brands, Inc*. 117 Nev. 34, 16 P.3d 435 (2001) holding that medical monitoring is a remedy for damages. See *Silzone Heart Valve Prods. Liab. Litig v. St. Jude Medical Inc.*, 425 F.3d 1116 (8th Cir.

2005) requirements of certifying a medical monitoring class. *See, Dawalt v. Purdue Pharma, L.P.*, 397 F.3d 392 (6th Cir. 2005) upholding medical monitoring claims.

It appears as though Rhode Island Courts have not addressed the issue. That is a far cry from Defendants contention that medical monitoring has never been recognized by any Rhode Island Court as a valid cause of action. Merely because a cause of action has not been heard within a particular jurisdiction does not mean that "no relief could be granted under any set of facts that could be proved consistent with the allegations" (citing *Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996).

***EQUITABLE RELIEF***

Defendant next argues that under Rhode Island Law equitable relief is not an independent cause of action but a remedy and therefore, the equitable relief count should be dismissed. This is the height of form over substance. Plaintiffs, clearly in paragraph 54 of the Complaint, state that in the absence of equitable relief, will suffer irreparable harm as the contamination is ongoing. Plaintiffs do not have a remedy at law. The moving party seeking an injunction must demonstrate that it stands to suffer irreparable harm. See, *The Fund for Community Progress v. United Way of Southeastern New England,* 695 A.2d 517 (R.I. 1997). That was done.

Defendant only cites *State v. Lead Indus. Ass'n,* 2001 R.I. Super. LEXIS 37 (April 2, 2001) to support it's contention that there is no independent cause of action for injunctive relief. In that case the Superior Court held that because the cause of action for the equitable relief was duplicative to the relief requested in another portion of the complaint the claim for injunctive relief failed. Whether the request for injunctive relief is by way of a "count" or in the remedy section is a difference with no distinction. The facts

as outlined in the Complaint and the contention that Plaintiffs will suffer irreparable harm is sufficient to withstand a motion to dismiss.

***PUNITIVE DAMAGES***

Defendant argues that the Complaint fails to assert facts to support it's request for punitive damages. Our Court has long held that Plaintiffs must make a prima facie showing that a viable claim exists for the award of punitive damages before discovery of a defendants financial information may be undertaken. The Court further outlined a hearing procedure to be followed. If a defendant does not believe that a punitive damage claim can be supported factually or legally he may move to strike the claim and the Court may have an evidentiary hearing. *See, Mark v. Congregation Mishkon Tefiloh*, 745 A.2d 777 (R.I. 2000). *Mark* has established the proper procedure in addressing punitive damage claims.

As this Court noted in *Gail et al. v New England Gas Company*, 460 F.Supp. 2d 314 (D.R.I. 2006) all that is required is that the allegations in the pleading, if proven, be sufficient to support a finding of malice, recklessness or wickedness. The Complaint in this matter does allege several breaches of Defendants duty including "failing to warn of the harmful effects of mercury" and that it "failed to advise governmental officials that the mercury was stored in this location." The Complaint alleges that the Defendant stored mercury in violation of state and federal law and finally that the breach of duty was wanton, outrageous and reckless. Consequently, this Complaint satisfies this requirement.

It should be noted that Defendant is correct in stating that the standard is one of "willfulness, recklessness or wickedness, as to amount to criminality". Suffice it to say

that in the present case it is undisputed that there remains an ongoing federal criminal investigation by the United States Attorneys Office as to the remaining Defendants in this matter relating to the storage of the mercury and the subsequent clean up. See, Southern Unions June 30, 2006 Financial Statement hereinafter" Plaintiffs Exhibit 1"). For the above reasons Defendants Motion to Dismiss should be denied.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

__/s/ Robert A. D'Amico II_________

__/s/ Mark W. Dana_______________
Robert A. D'Amico II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 13th day of June, 2007, a true copy of the within Motion and Memorandum was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael Smith***
***Bonner Kiernan Trebach & Crociata, LLP***
***55 Pine Street***
***Providence, RI 01903***

__/s/ Mark W. Dana______________
of 'D'AMICO – BURCHFIELD, LLP