**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, Defendants. | : | |

***PLAINTIFFS' OBJECTION TO DEFENDANT, CLEAN HARBOR ENVIRONMENTAL SERVICES MOTION TO DISMISS***

Now comes the Plaintiffs, by and through their attorneys, and hereby objects to Defendants, Clean Harbor Environmental Services motion to dismiss. A memorandum of law is attached in support of their objection.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

__/s/ Robert A. D'Amico II_________

/s/ Mark W. Dana_______________

Robert A. D'Amico II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 13th day of June, 2007, a true copy of the within Motion and Memorandum was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael Smith***
***Bonner Kiernan Trebach & Crociata, LLP***
***55 Pine Street***
***Providence, RI 01903***

/s/ Mark W. Dana
of D'AMICO – BURCHFIELD, LLP

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | :<br>:<br>: | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | |

***PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO DEFENDANTS, CLEAN HARBOR ENVIRONMENTAL SERVICES, MOTION TO DISMISS***

Plaintiffs have submitted this memorandum of law in support of their objection to Defendants Clean Harbors Environmental Services, (hereinafter "Clean Harbors") Motion to Dismiss. Clean Harbors has now filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) almost identical in issues to that of NEGasCo. Plaintiffs again based on this Courts ruling in *Arriaga v. New England Gas Company et al*., 2007 U.S. Dist. LEXIS 27827 (D.R.I. April 16, 2007) consents to dismissal of the Public Nuisance claim, Private Nuisance Claim and HWMA. Plaintiffs object to the Motion to Dismiss relative to the claims for medical monitoring and punitive damages.

***MEDICAL MONITORING***

As stated in the memorandum in support of its objection to NEGasCo's motion to dismiss, medical monitoring has been recognized in many jurisdictions. See, *Barnes v. The American Tobacco Company*, 161 F.3d 127 (3d Cir. 1998); *Carey v. Kerr-Mcgee*

*Chem. Corp*. 999 F.Supp. 1109 (N.D.Ill. 1998). See *Badillo v. American Brands, Inc*. 117 Nev. 34, 16 P.3d 435 (2001) holding that medical monitoring is a remedy for damages. See *Silzone Heart Valve Prods. Liab. Litig v. St. Jude Medical Inc.*, 425 F.3d 1116 (8th Cir. 2005) requirements of certifying a medical monitoring class. *See, Dawalt v. Purdue Pharma, L.P.*, 397 F.3d 392 (6th Cir. 2005) upholding medical monitoring claims.

Clean Harbors cites *Wilson Auto Enterprises Inc. v Mobil Oil Corp.*, 778 F. Supp 101 (D.R.I. 1991) for the proposition that medical monitoring is not actionable in Rhode Island. *Wilson* does not state that. *Wilson* holds that unless there is a duty of care owed to the Plaintiff no action in tort can stand. The court found that an allegation that the Plaintiffs will sustain an increased likelihood of cancer is not actionable.

To plead medical monitoring a Plaintiff must establish that 1) exposure greater than normal background levels; 2) to a proven hazardous substance 3) that the negligence was the cause of the exposure, 4) that as a result of that exposure the plaintiff suffers a significantly increased risk of contracting a serious latent disease, 5) that the increased risk makes the periodic diagnostic medical examinations reasonably necessary and that monitoring and testing procedures exist which make early detection and treatment possible and beneficial. *See, Barnes v. American Tobacco Co., 161 F.3d at138*. Those elements are in fact elements of a cause of action that has been widely recognized.

*Barnes* cites that several jurisdictions have authorized recovery for medical monitoring in the absence of physical injury. *See, Bourgeois v. A.P. Green Indus.*, 716 So. 2d 355 *(*La. 1998*)*; *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 863 P.2d 795 (Cal. 1993); *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970 (Utah 1993); *Ayers*

*v. Township of Jackson*, 106 N.J. 557, 525 A.2d 287 (N.J. 1987). In addition, some federal courts predicting state law have reached the same conclusion. *See Cook v. Rockwell Int'l Corp.*, 755 F. Supp. 1468 (D. Colo. 1991); *Johnson v. Armstrong Cork Co.*, 645 F. Supp. 764 (W.D. La. 1986).

In this jurisdiction, the Rhode Island Supreme Court has not determined if there is a cause of action for medical monitoring in the absence of physical injury. For purposes of this motion Defendant, Clean Harbors can not establish that "no relief could be granted under any set of facts that could be proven consistent with the allegations".

***PUNITIVE DAMAGES***

As Plaintiffs asserted in their response to this same issue in NEGasCo's motion to dismiss, this motion to dismiss is not the proper avenue by which to strike a punitive damage claim. *See, Mark v. Congregation Mishkon Tefiloh*, 745 A.2d 777 (R.I. 2000).

In addition, as this Court noted in *Gail, et al. v. New England Gas Company*, 460 F.Supp. 2d 314 (D.R.I. 2006) all that is required is that the allegations in the pleading, if proven, be sufficient to support a finding of malice, recklessness or wickedness. The Complaint in this matter does allege several breaches of Defendants duty including "failing to warn of the harmful effects of mercury" and that it "failed to advise governmental officials that the mercury was stored in this location". The Complaint alleges that the Defendant stored mercury in violation of State and Federal law and finally that the breach of duty was wanton, outrageous and reckless. Consequently, this Complaint satisfies this requirement. For the above reasons Defendant Clean Harbor's Motion to Dismiss should be denied.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

__/s/ Robert A. D'Amico II_________

__/s/ Mark W. Dana_______________
Robert A. D'Amico II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

## ***CERTIFICATION***

I hereby certify that on this 13th day of June, 2007, a true copy of the within Motion and Memorandum was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael Smith***
***Bonner Kiernan Trebach & Crociata, LLP***
***55 Pine Street***
***Providence, RI 01903***

__/s/ Mark W. Dana_______________
of D'AMICO – BURCHFIELD, LLP