**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANGEL ARRIAGA, et al.,**<br>**Plaintiffs**<br>**v.**<br><br>**NEW ENGLAND GAS COMPANY, an unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **C.A. No.: 06-45T** |

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES' RESPONSE**
**<u>TO PLAINTIFFS' OBJECTION TO MOTION TO DISMISS</u>**

The Defendant, Clean Harbors Environmental Services ("Clean Harbors"), hereby submits this response to the Plaintiffs' June 13, 2007 Objection to Clean Harbors' motion to dismiss Count VI for medical monitoring in its entirety and Plaintiffs' claim for relief of punitive damages in Count II for negligence.

**1. Plaintiffs fail to allege facts sufficient to support their claim for punitive damages in Count II for negligence.**

First, the factual allegations referenced in Plaintiffs' Objection have nothing to do with Clean Harbors. Rather, Plaintiffs reference allegations contained in Count I which is solely against co-defendant Southern Union for negligence. *See* Complaint at ¶¶ 21-26. Nowhere in the Complaint do Plaintiffs allege that Clean Harbors had a duty and/or failed to warn of the harmful effects of mercury or advise governmental officials with respect to the storage of mercury. Nor do Plaintiffs allege that Clean Harbors stored mercury in violation of state or federal law, nor could they. Significantly, while Plaintiffs allege that co-defendant Southern Union's purported breach of duty was wanton, outrageous and reckless, Plaintiffs do <u>not</u> make such allegations with respect to Clean Harbors' purported breach of duty – Count II contains no allegations that Clean Harbors engaged in conduct that was malicious, reckless, wicked, outrageous or wanton. *See*

Complaint at ¶¶ 21-33. Of additional import, the section of Plaintiffs' Complaint entitled "Factual Background" does not include a single allegation with respect to Clean Harbors. *See id.* at ¶¶ 6-20.

Second, to the extent that Plaintiffs contend that a motion to strike would be the proper venue with respect to the punitive damages claim, Clean Harbors requests that this Court treat its motion to dismiss as a motion to strike. To the extent that Plaintiffs cite to *Mark v. Congregation Mishkon Tefiloh* for any other proposition, Clean Harbors' notes that *Mark* does not preclude a motion to dismiss or a motion to strike a claim for punitive damages. *See* 745 A.2d 777 (R.I. 2000). In fact, in *Mark*, the Rhode Island Supreme Court noted that "punitive damages are severely restricted under Rhode Island law" and that "if a defendant believes that a punitive-damage claim cannot be supported factually and legally, the defendant may move to strike the claim for punitive damages." *Id.* at 779-780 (citations and internal quotation marks omitted). Here, Plaintiffs' punitive damages claim against Clean Harbors is not supported by the factual allegations with respect to Clean Harbors.

Finally, in objecting to Clean Harbors' motion to dismiss their claim for punitive damages, Plaintiffs cite to several allegations in their Complaint and argue that said allegations are sufficient to support a finding of malice, recklessness or wickedness against Clean Harbors. To the contrary, however, there are no factual allegations with respect to Clean Harbors suggesting that Plaintiffs may be able to prove the degree of culpability necessary to support an award of punitive damages. *See Gail v. New England Gas Co.*, 460 F. Supp. 2d 314, 329 (D.R.I. 2006). Consequently, Plaintiffs' reliance on *Gail* is misplaced. In *Gail*, there were allegations with respect to what the defendants knew or should have known. *Id. See also Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. at 107-108 ("In Rhode Island, punitive damages must be based upon intentional or malicious conduct toward the plaintiff. Conduct that

is merely reckless does not justify punitive damages."). In this case, there are no such allegations with respect to Clean Harbors. *See* Complaint *generally* and *specifically* at ¶¶ 27-33. And, as stated above, the factual allegations referenced in Plaintiffs' Objection to Clean Harbors' motion to dismiss have nothing to do with Clean Harbors and were asserted solely with respect to the alleged conduct of co-defendant Southern Union. Consequently, Plaintiffs' claim for relief of punitive damages should be dismissed or stricken.

**2. Plaintiffs separate count for medical monitoring should be dismissed.**

Despite Plaintiffs' reference to the law of other jurisdictions with respect to their separate count for medical monitoring, it is clear that "[i]n Rhode Island, a plaintiff must prove a current manifestation of injury, neither mental anguish without physical symptoms nor a heightened risk of cancer is enough to create a cause of action in tort. *See Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. 101, 106 (D.R.I. 1991) (purchaser of land sought damages for mental anguish and possible future injuries due to defendant's alleged chemical contamination of land). This was reiterated in *Kelley v. Cowesett Hills Associates*, 768 A.2d 425, 430-431 (R.I. 2001) (citations omitted). In *Kelley*, the Rhode Island Supreme Court discussed the rationale behind Rhode Island law specifically noting that "[i]f mere exposure to a potential carcinogenic was actionable, the courts would be inundated with actions arising merely from an individual's daily activities such as consuming a soft drink." *Id.* (concluding "that in the absence of any physical manifestation of asbestos-related illness or disease, plaintiff could not establish a *prima facie* case of negligence as a matter of law"). Consequently, where Plaintiffs have failed to allege any physical manifestation of mercury-related illness or disease, Count VI for medical monitoring must be dismissed. *Id.*

WHEREFORE**,** for all of the foregoing reasons, as well as the reasons set forth Defendant Clean Harbors Environmental Services' original motion to dismiss and supporting memorandum,

Clean Harbors Environmental Services requests that this Court enter an Order dismissing Counts VI for medical monitoring and dismissing Plaintiffs' claim for relief of punitive damages in Count II.[1] Alternatively, Defendant Clean Harbors requests judgment on the pleadings. Defendant Clean Harbors further requests any other relief that the Court deems just and proper.

**Defendant,**
**CLEAN HARBORS**
**ENVIRONMENTAL SERVICES**,
By its attorneys,

June 25, 2007

/s/ Valerie N. Kloecker__________________
Michael J. Smith (#5019)
Valerie N. Kloecker (#7327)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI
(800) 840-5087
(617) 426-0380 (fax)

Please send all correspondence to:
One Liberty Square, 6th Floor
Boston, MA 02109

[1] Plaintiffs consent to dismissal of Counts III, IV and VII as to Defendant Clean Harbors Environmental Services.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2007, a copy of the foregoing *Defendant Clean Harbors Environmental Services' Response to Plaintiffs' Objection to Motion to Dismiss* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mark W. Dana, Esq.
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02909

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Gerald J. Petros, Esq.
Alexandra K. Callam, Esq.
Hickley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

/s/ Valerie N. Kloecker_________________