**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH, and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| Defendants. | : | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

New England Gas Company ("NEGasCo") submits this reply memorandum of law in further support of its motion to dismiss the counts of plaintiffs' Complaint premised on claims of public nuisance, private nuisance and a violation of Rhode Island's Hazardous Waste Management Act ("HWMA"), as well as plaintiffs' claims for medical monitoring, equitable relief in the form of the remediation of their properties, and plaintiffs' demand for punitive damages.

## Introduction

In its moving papers, NEGasCo demonstrated that plaintiffs' claims for public nuisance, private nuisance and a violation of section 23-19.1-22 (1956) of Rhode Island's HWMA should be dismissed because this Court dismissed these identical claims against former named defendants Carberry and Smith. (See NEGasCo's Motion to Dismiss at pg. 2.) Plaintiffs have

now agreed such claims must be dismissed. (See Plaintiffs' Objection to NEGasCo's Motion to Dismiss ("Plaintiffs' Objection") at pg. 2.)

As further demonstrated in NEGasCo's moving papers and as set forth below, plaintiffs' claim for medical monitoring, equitable relief in the form of the remediation of their properties and for punitive damages are also without merit and should likewise be dismissed.

## Argument

1. Plaintiffs' Claim For Medical Monitoring Should Be Dismissed.

Plaintiffs concede that no Rhode Island case has ever recognized medical monitoring as a valid cause of action or as a remedy. (Plaintiffs' Objection at pg. 2.) Nevertheless, plaintiffs contend that this Court should create new Rhode Island substantive law and recognize medical monitoring as a valid cause of action in this State because other jurisdictions have done so. However, even if, as plaintiffs contend, a majority of other jurisdictions have recognized medical monitoring as a valid cause of action -- which is not the case -- this Court should deny plaintiffs' invitation to create new Rhode Island law, where none otherwise exists. See Nicolaci v. Boling, 387 F.3d 21, 27 (1st Cir. 2004) ("Federal courts sitting in diversity should be cautious about 'pushing state law to new frontiers'") (citations omitted).[1] As no Rhode Island court has ever recognized medical monitoring as a valid cause of action or a remedy, plaintiffs' claim for medical monitoring should be dismissed.

[1] For example, plaintiffs cite Norfolk & Western Railway Company v. Freeman Ayers, 538 U.S. 135 (2003), and contend that it holds that medical monitoring has been recognized as a valid cause of action. This reading of Norfolk is not accurate. Norfolk addressed the very different issue of whether, under the Federal Employer's Liability Act, a plaintiff can recover for the mental anguish associated with the fear of contracting cancer.

2. Plaintiffs' Claim For The Equitable Remedy Of Remediation Should Be Dismissed.

Plaintiffs also concede that under Rhode Island law equitable relief is not an independent cause of action, but a remedy. (Plaintiffs' Objection at pg. 3.) Since plaintiffs acknowledge that the equitable relief they seek is not an independent cause of action, the count of plaintiffs' Complaint for equitable relief should be dismissed.

3. Plaintiffs Have No Claim For Punitive Damages.

In its motion to dismiss, NEGasCo demonstrated that plaintiffs failed to allege any facts to support their demand for punitive damages. While plaintiffs acknowledge that a claim for punitive damages requires that the conduct in question be at minimum "wanton and outrageous," they do not (and can not) point to any facts in their Complaint that meet that standard. Instead, plaintiffs suggest that in evaluating their punitive damages demand, this Court should treat the pendency of an unpled, grand jury investigation of environmental matters as tantamount to NEGasCo's conviction for criminally "wicked" conduct. (See Plaintiffs' Objection at pp. 4-5). The Court should decline this untoward effort to turn the time-honored presumption of innocence on its head. Accordingly, plaintiffs' demand for punitive damages should be stricken.

**Conclusion**

For the foregoing reasons and those set forth in NEGasCo's moving papers, NEGasCo respectfully submits that plaintiffs' claims for (i) public nuisance; (ii) private nuisance; (iii) a violation of Rhode Island's HWMA; (iv) medical monitoring; (v) equitable relief in the form of remediation; and (vi) plaintiffs' demand for punitive damages, be dismissed with prejudice.

NEW ENGLAND GAS COMPANY,
an unincorporated division of
Southern Union Company

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kerhsaw
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

**CERTIFICATION**

To:

Mark W. Dana, Esq.
536 Atwells Avenue
Providence, RI 02903

Michael J. Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
One Liberty Square
Boston, MA 02109

I hereby certify that on June 27, 2007, a copy of the foregoing Reply Brief in Further Support of Defendant's Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros