**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES,<br>Defendants. | : | |

## ***AMENDED COMPLAINT***

## ***INTRODUCTORY STATEMENT***

1. The Plaintiffs reside and/or own properties in Pawtucket, Rhode Island and file this Complaint to recover damages for the diminution in the value of their properties, loss of use and enjoyment of their properties, physical injuries, medical expenses and severe emotional distress caused by the Defendants disposal of and/or release of mercury.

## ***PARTIES***

2. Plaintiffs are residents or at all material times were residents of the City of Pawtucket, Rhode Island.

3. Southern Union Company is a Delaware Company with its principal place of business in Pennsylvania.

4. Clean Harbors Environmental Services is a Massachusetts Corporation with its principal place of business in Massachusetts.

## ***FACTUAL BACKGROUND***

5. Plaintiffs reside or did reside in Rhode Island at all relevant times.

a. Plaintiff, Angel Arriaga resides at 216 Pleasant Street, Apt. 9, Pawtucket, RI 02860;

b. Plaintiff, Laura Barboza resides at 216 Pleasant Street, Apt. 10, Pawtucket, RI 02860;

c. Plaintiffs, Kai Jackson (who at the present time is incarcerated) and Kelly Brown reside at 206 Pleasant Street, Pawtucket, RI 02860;

d. Plaintiff, Beverly Camper, resides at 180 Pleasant Street, Apt. 8, Pawtucket, RI 02860;

e. Plaintiff, Koren Carbuccia, resides at 216 Pleasant Avenue, Pawtucket, RI 02860;

f. Plaintiffs, Luis Cortes and Kemly Cortes, reside at 206 Pleasant Street, Apt. 8, Pawtucket, RI 02860;

g. Plaintiff, Brian Cortes, who now resides at 14 Wheeler Ave., Cranston, RI 02905, was a resident at the Pleasant Street Apartment Building at the time of the incident;

h. Plaintiff, Richard Cruz, resides at 180 Pleasant Street, Apt. 1, Pawtucket, RI 02860;

i. Plaintiffs, Iris Cruz and Jose Cruz, reside at 196 Pleasant Street, Apt. 2, Pawtucket, RI 02860;

j. Plaintiff, Ebony Cruz, presently resides at 78 Locust Street, Riverside, RI 02915;

k. Plaintiffs, Ruben Diaz and Jose Diaz, reside at 180 Pleasant Street, Apt. 4, Pawtucket, RI 02860;

l. Plaintiff, Ramatoulaye Doukoure, resides at 31 Sterry Street, Apt. 8, Pawtucket, RI 02860;

m. Plaintiff, Ruth Esquilin, resides at 216 Pleasant Street, Apt. 9, Pawtucket, RI 02860;

n. Plaintiff, Nydia Esquilin, resides at 206 Pleasant Street, Apt. 7, Pawtucket, RI 02860;

o. Plaintiffs, Felix Flores and Luz Morales, reside at 180 Pleasant Street, Apt. 12, Pawtucket, RI 02860;

p. Plaintiff, Maria Garcia, resides at 180 Pleasant Street, Apt. 11, Pawtucket, RI 02860;

q. Plaintiff, Armando Gomes resides at 107 Garden Street, Pawtucket, RI 02860;

r. Plaintiff, Kimberly Harris, resides at 216 Pleasant Street, Apt. 11, Pawtucket, RI 02860;

s. Plaintiff, Cheryl Jennings, resides at 226 Pleasant Street, Apt. 6, Pawtucket, RI 02860;

t. Plaintiff, Yolanda Jennings, resides at 226 Pleasant Street, Apt. 6, Pawtucket, RI 02860;

u. Plaintiff, Ruby Johnson, resides at 216 Pleasant Street, Apt. 4, Pawtucket, RI 02860;

v. Plaintiff, Sandra Lopez, presently resides at 3 Meader Street, Lincoln, RI 02865;

w. Plaintiffs, Soemi Lopez and Alvro Rodriquez, reside at 206 Pleasant Street, Apt. 2, Providence, RI 02860;

x. Plaintiff, Jessika Lopez, resides at 107 Garden Street, Pawtucket, RI 02860;

y. Plaintiff, Roberta Mendes, resides at 215 Suffolk Avenue, Pawtucket, RI 02861;

z. Plaintiff, Griselda Mendoza, resides at 148 Camden Avenue, Providence, RI 02908;

aa. Plaintiff, Wanda Narvaez, resides at 203 Sayles Avenue, Pawtucket, RI 02860;

bb. Plaintiff, Angela Narvaez, resides at 206 Pleasant Street, Apt 5, Pawtucket, RI 02860;

cc. Plaintiffs, Hector Ortiz and Migdalia Vazquez, reside at 49 Warren Avenue, Apt. 101, Pawtucket, RI 02860;

dd. Plaintiff, Karla Padin, resides at 187 Prospect Street, Pawtucket, RI 02860;

ee. Plaintiff, Elba Perez, resides at 196 Pleasant Street, Apt. 1, Pawtucket RI 02860;

ff. Plaintiff, Arthur Perez, resides at 206 Pleasant Street, Apt. 4, Pawtucket, RI 02860;

gg. Plaintiff, Susana Ramirez, resides at 226 Pleasant Street, Pawtucket, RI 02860;

hh. Plaintiff, Maria T. Ramirez, resides at 216 Pleasant Street, Apt. 6, Pawtucket, RI 02860;

ii. Plaintiff, Carmen Ruiz, resides at 211 Adelaide Street, Apt. 21, Pawtucket, RI 02860;

jj. Plaintiff, Ellen Russell, resides at 216 Pleasant Street, Apt. 8, Pawtucket, RI 02908;

kk. Plaintiffs, Edgar and Jacqueline Sanchez, resides at 180 Pleasant Street, Apt. 7, Pawtucket, RI 02860;

ll. Plaintiff, Joycelyn Silva, resides at 180 Pleasant Street, Apt. 6, Pawtucket, RI 02860;

mm. Plaintiff, Latisha Silva, resides at 226 Pleasant Street, Apt. 2, Pawtucket, RI 02860;

nn. Plaintiff, Anna Smith and Edmond Seebeck, reside at 226 Pleasant Street, Apt. 1, Pawtucket, RI 02860;

oo. Plaintiff, Maria Sostre, resides at 196 Pleasant Street, Apt. 9, Pawtucket, RI 02860;

pp. Plaintiff, Deborah Vargas, resides at 180 Pleasant Street, Apt. 2, Pawtucket, RI 02860;

qq. Plaintiff, Alexandra Vasquez, resides at 180 Pleasant Street, Apt. 10, Pawtucket, RI 02860;

rr. Plaintiff, Joseph Vazquez, resides at 226 Pleasant Street, Apt. 2, Pawtucket, RI 02860;

ss. Plaintiff, Thena Williams, resides at 226 Pleasant Street, Apt. 3, Pawtucket, RI 02860;

tt. Plaintiff, Edith Yeboah, resides at 180 Pleasant Street, Apt. 5, Pawtucket, RI 02860;

6. New England Gas Company is an unincorporated division of Southern Union Company.

7. New England Gas Company, as a division of Southern Union Company, stored mercury at its Tidewater Street facility in Pawtucket, Rhode Island.

8. The Mercury storage site was used to accommodate Southern Union Company's mercury reclamation program. The mercury was from obsolete gas switches, thermometers and other household devices that Southern Union obtained and stored.

9. That the Tidewater Street facility was not a secured storage unit.

10. Southern Union Company, by its division, New England Gas Company, never notified any Federal, State or City officials of the fact the mercury was being stored at the Tidewater facility.

11. That at no time did Southern Union obtain or seek to obtain a permit for the storage of mercury pursuant to state or Federal law.

12. That on or about September 2004, Defendants Carberry and Smith gained access to the Tidewater facility and had taken an undetermined amount of mercury located at the Tidewater facility.

13. That Defendants Carberry and Smith spilled approximately 10 pounds of the mercury at the Tidewater facility.

14. That Defendants Carberry and Smith brought the remainder of the mercury back to the Lawn Terrace Apartments.

15. That the remainder of the mercury was spilled by Defendants Carberry and Smith in the parking lot of the Lawn Terrace Apartments and on cars at that location.

16. That the mercury was brought into the actual buildings of the Lawn Terrace Apartments by Defendants Carberry and Smith.

17. That the mercury was tracked into several locations including but not limited to the Lawn Terrace Apartments including those apartments of the Plaintiffs and into the house at 203 Sayles Street as well as other locations.

18. That once Southern Union through New England Gas knew of the spill it failed to properly notify state, city and federal officials.

19. Plaintiffs have been exposed to mercury, and continue to be exposed to mercury as a result of the above conduct. Plaintiffs have suffered physical injuries including rashes, skin irritations, loss of hair, emotional distress and/or loss of use and enjoyment of their homes.

## ***COUNT I***
## **Negligence**
## **(Southern Union)**

20. Plaintiffs incorporate by reference Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

21. Defendant owed a duty to all Plaintiffs to exercise reasonable care in maintaining and controlling its Tidewater facility and it's possession of toxic material in it including but not limited to mercury.

22. Defendant breached their duty of care to Plaintiffs by engaging in the negligent activity set forth herein and by otherwise failing to employ safe, prudent and technologically current techniques to prevent the removal and discharge of mercury into the environment.

The Defendant was negligent in one, some or all of the following respects:

(a) in using inadequate and improper containers for the storage of mercury.

(b) in storing mercury in a facility that was not secure.

(c) in storing mercury in a facility that was accessible to the public.

(d) in storing mercury in a manner that violates state law.

(e) in storing mercury in a manner that violates federal law.

(f) in failing to warn the residents in the area, including the Plaintiffs of the existence of the mercury in their native language.

(g) in failing to warn the residents in the area, including the Plaintiffs, of the harmful effects of mercury in their native language.

(h) in failing to advise governmental officials that the mercury was stored in this location.

(i) in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce safe methods of storing mercury.

(j) in failing to reveal to the residents of the area, including the Plaintiffs, tests conducted at the direction of the Defendant on the toxicity of the mercury released by Defendant into the environment.

(k) in concealing from the residents of the area including Plaintiffs information concerning the effects of mercury in humans.

(l) in failing to adequately monitor the health of plaintiffs exposed to the mercury.

(m) in failing to properly test and remediate the residences of Plaintiffs once it learned that the Plaintiffs continue to be subjected to a potential health hazard as a result of the improper testing and/or remediation done originally by New England Gas.

23. Defendants breached their duty to Plaintiffs by improperly storing mercury and thereby exposing Plaintiffs to the mercury knowing that the substance was toxic to humans.

24. Defendants' breach of duty was wanton, outrageous and reckless.

25. As a direct and proximate cause of defendants' negligence, Plaintiffs have suffered injuries to their persons and property.

***WHEREFORE,*** Plaintiffs are entitled to recover compensatory and punitive damages consistent with the jurisdiction of this Honorable Court.

Plaintiffs further asserts that as a result of Defendant's negligent and reckless conduct, Plaintiffs have been significantly exposed to known hazardous substances and that Plaintiffs are at an increased risk of contracting latent diseases, including but not limited to cancer. Early detection and treatment of these diseases is medically necessary and advisable. Wherefore, Plaintiffs are entitled to recover the costs of a medical monitoring program, including future testing for exposure to mercury and future medical expenses.

Plaintiffs further seek equitable relief including but not limited to full and complete remediation of all properties of Plaintiffs contaminated as a result of the conduct of Defendant. Plaintiffs' properties are contaminated with toxic substances and in the absence of equitable relief Plaintiffs will suffer irreparable harm. Plaintiffs do not have an adequate remedy at law.

## ***COUNT II***

### ***Negligence***
### **(Clean Harbor)**

26. Plaintiffs incorporate by reference Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

27. Defendant was retained by Co-Defendant Southern Union to clean and remove the mercury located at the Lawn Terrace Apartment Complex.

28. Defendant owed a duty to all Plaintiffs to exercise reasonable care in cleaning and removing the mercury.

29. Defendant breached its duty to the Plaintiffs by failing to properly remove the presence of Mercury from the homes and common areas of the Plaintiffs and by failing to properly test the sites that were and remain contaminated with mercury.

30. That Defendant breached its duty to the Plaintiffs by engaging in the negligent activity set forth above and by otherwise failing to hire properly trained employees with experience in mercury remediation and otherwise failing to employ safe, prudent and technologically current techniques to remove the mercury from the contaminated locations.

31. That Defendant breached its duty to the Plaintiffs by failing to adequately test the areas subsequent to the removal.

32. As a direct and proximate cause of Defendant's negligence, Plaintiffs have suffered and continue to suffer injuries to their persons and property.

***WHEREFORE,*** Plaintiffs are entitled to recover compensatory and punitive damages consistent with the jurisdiction of this Honorable Court.

Plaintiffs further asserts that as a result of Defendant's negligent and reckless conduct, Plaintiffs have been significantly exposed to known hazardous substances and that Plaintiffs are at an increased risk of contracting latent diseases, including but not limited to cancer. Early detection and treatment of these diseases is medically necessary and advisable. Wherefore, Plaintiffs are entitled to recover the costs of a medical monitoring program, including future testing for exposure to mercury and future medical expenses.

Plaintiffs' further seek equitable relief including but not limited to full and complete remediation of all properties of Plaintiffs contaminated as a result of the

conduct of Defendant. Plaintiffs' properties are contaminated with toxic substances and in the absence of equitable relief Plaintiffs will suffer irreparable harm. Plaintiffs do not have an adequate remedy at law.

***COUNT V***

**Strict Liability**
**(Southern Union)**

40. Plaintiffs incorporate by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The storage and/or disposal of mercury at the Tidewater facility was part of a mercury reclamation program designed by the Defendant, Southern Union.

42. The program and/or storage was defective and/or unreasonably dangerous in the following respects:

(a) the handling and storage of mercury by its nature constitutes an ultrahazardous and/or dangerous activity.

(b) the method of storage and/or disposal lead to the contamination of the Lawn Terrace Apartment Complex as well as other areas.

(c) it failed to provide adequate warning to Plaintiffs in their own languages, of health hazards associated with the exposure to mercury resulting from Defendants defective and/or unreasonably dangerous activity.

43. The Plaintiffs were unaware of the dangerous propensities of mercury which rendered them unsafe if spilled or discarded into the environment.

44. Plaintiffs were exposed to mercury in manners that were reasonably anticipated by Defendant.

***WHEREFORE***, Plaintiffs are entitled to recover compensatory and punitive damages consistent with the jurisdiction of this Honorable Court.

Plaintiffs further asserts that as a result of Defendant's negligent and reckless conduct, Plaintiffs have been significantly exposed to known hazardous substances and that Plaintiffs are at an increased risk of contracting latent diseases, including but not limited to cancer. Early detection and treatment of these diseases is medically necessary and advisable. Wherefore, Plaintiffs are entitled to recover the costs of a medical monitoring program, including future testing for exposure to mercury and future medical expenses.

Plaintiffs further seek equitable relief including but not limited to full and complete remediation of all properties of Plaintiffs contaminated as a result of the conduct of Defendant. Plaintiffs' properties are contaminated with toxic substances and in the absence of equitable relief Plaintiffs will suffer irreparable harm. Plaintiffs do not have an adequate remedy at law.

***Plaintiffs demand a trial by Jury on all issues so triable***.

Plaintiffs,
By Their Attorneys:

***D'AMICO & BURCHFIELD, LLP***

__/s/ Robert A. D'Amico II_________

__/s/ Mark W. Dana_______________

Robert A. D'Amico II, Esq. #4593
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

## ***CERTIFICATION***

I hereby certify that on this 3rd day of July, 2007, a true copy of the within Amended Complaint was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***Michael Smith***
***Bonner Kiernan Trebach & Crociata, LLP***
***55 Pine Street***
***Providence, RI 01903***

/s/ Mark W. Dana______________
of 'D'AMICO – BURCHFIELD, LLP