**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ANGEL ARRIAGA, et al.,** | : | |
| | : | |
| **Plaintiffs** | | |
| **v.** | : | **C.A. No.: 06-45T** |
| **NEW ENGLAND GAS COMPANY an** | : | |
| **an unincorporated Division of SOUTHERN** | : | |
| **UNION COMPANY, CLEAN HARBORS** | : | |
| **ENVIRONMENTAL SERVICES,** | : | |
| **JASON SMITH and STEPHEN CARBERRY** | : | |
| **Defendants.** | : | |

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES'**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant, Clean Harbors Environmental Services ("Defendant") hereby responds to the respective-numbered allegations of the plaintiffs' Amended Complaint as follows:

**INTRODUCTORY STATEMENT**

1. This paragraph is introductory in nature and does not require an answer from Defendant. To the extent that an answer is required, Defendant denies the allegations contained therein.

**PARTIES**

2. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it has a principal place of business in Massachusetts.

**FACTUAL BACKGROUND**

5. (a)-(z) and (aa)-(tt). Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations

contained in paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of the Complaint.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, leaves the Plaintiffs to their proof.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint.

19. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**COUNT I**
**Negligence**
**(Southern Union)**

20. Defendant's answers to Paragraphs 1 through 20 are hereby incorporated by reference.

22-25. Defendant neither admits nor denies the allegations contained in Count I, paragraphs 22 through 25 of the plaintiffs' Amended Complaint, as the allegations are neither directed at the Defendant, nor pertain to actions or conduct for which the Defendant is legally responsible, and to the extent that Count I alleges that the Defendant was negligent or in any way responsible for the alleged incident and/or plaintiffs' alleged injuries and damages, such allegations are denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**COUNT II**
**Negligence**
**(Clean Harbors)**

26. Defendant's answers to Paragraphs 1 through 25 are hereby incorporated by reference.

27. Denied as stated. Co-defendant New England Gas Co. retained Clean Harbors to conduct certain assessment and remediation tasks at the Lawn Terrace Apartments. Numerous other companies were responsible for assessment, remediation, monitoring, restoration and clearance testing.

28. Paragraph 28 states a legal conclusion to which no response is required.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

**COUNT V [sic]**
**Strict Liability**
**(Southern Union)**

40. [sic]Defendant's answers to Paragraphs 1 through 32 are hereby incorporated by reference.

41-44. Defendant neither admits nor denies the allegations contained in Count V, paragraphs 40 through 44 of the plaintiffs' Amended Complaint, as the allegations are neither directed at the Defendant, nor pertain to actions or conduct for which the Defendant is legally responsible, and to the extent that Count V alleges that the Defendant was negligent or in any way responsible for the alleged incident and/or plaintiffs' alleged injuries and damages, such allegations are denied.

WHEREFORE, Defendant demands judgment against plaintiffs on each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant denies each and every allegation of negligence in the complaint.

### Third Affirmative Defense

Defendant denies that it owed any duty of care to the plaintiffs.

### Fourth Affirmative Defense

Defendant denies that it breached any duty of care with respect to the alleged incident.

### Fifth Affirmative Defense

The plaintiffs' alleged injuries and damages were caused by acts or omissions of persons or entities over whom defendant exercised no control and for whose conduct it bears no responsibility.

### Sixth Affirmative Defense

Defendant's alleged negligence was not the proximate cause of the plaintiffs' alleged damages.

**Seventh Affirmative Defense**

If the plaintiffs sustained injuries and/or damages, such damages were caused by the acts of third persons or entities which defendant had no reason to anticipate and of which it had no knowledge, or over whom it had no control, and for whose conduct it is not responsible.

**Eighth Affirmative Defense**

The plaintiffs' alleged injuries and/or damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of defendant.

**Ninth Affirmative Defense**

The plaintiffs are guilty of contributory negligence and their damages, if any, recovered by them should be reduced in proportion to the said negligence of the plaintiffs in accordance with the applicable provisions of the comparative negligence statute.

**Tenth Affirmative Defense**

The plaintiffs have failed to mitigate their damages, and any damages awarded against defendant should be reduced accordingly.

**Eleventh Affirmative Defense**

The plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

**Twelfth Affirmative Defense**

The plaintiffs' claims are barred by assumption of the risk.

**Thirteenth Affirmative Defense**

The Defendant complied with all applicable statutes and the plaintiffs claim is barred by federal/state statute.

**Fourteenth Affirmative Defense**

The Defendant acted in good faith at all relevant times.

**Fifteenth Affirmative Defense**

The Defendant has completely and fully performed any and all obligations and legal duties arising under the allegations and matter alleged in the complaint.

## JURY DEMAND

Defendant demands a trial by jury on all applicable issues raised herein.

**Defendant,**
**CLEAN HARBORS**
**ENVIRONMENTAL SERVICES**,
By its attorneys,

July 16, 2007

/s/ Valerie N. Kloecker__________________

Michael J. Smith (#5019)
Valerie N. Kloecker (#7327)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI
(800) 840-5087
(617) 426-0380 (fax)

Please send all correspondence to:
One Liberty Square, 6th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2007, a copy of the foregoing *Defendant Clean Harbors Environmental Services' Answer and Affirmative Defenses to Amended Complaint* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Mark W. Dana, Esq.
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909

Robert A. D'Amico, II, Esq.
James V. Burchfield, Jr., Esq.
536 Atwells Avenue
Providence, RI 02909

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Gerald J. Petros, Esq.
Alexandra K. Callam, Esq.
Hickley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903

/s/ Valerie N. Kloecker_________________