**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br><br>Defendants. | : | **C.A. No. 06-45T** |

**DEFENDANT NEW ENGLAND GAS COMPANY'S ANSWER**
**TO AMENDED COMPLAINT**

Defendant New England Gas Company, Inc., ("NEGasCo"), by its undersigned counsel, answers Plaintiffs' Amended Complaint ("Complaint") as follows:

1. NEGasCo denies the allegations set forth in paragraph 1 of the Complaint except NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' alleged ownership of property and/or residences in Pawtucket, Rhode Island.

2. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. NEGasCo denies the allegations in paragraph 3 of the Complaint, except admits that Southern Union Company is incorporated in Delaware.

4. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. NEGasCo admits the allegations set forth in paragraph 6 of the Complaint.

7. NEGasCo denies the allegations set forth in paragraph 7 of the Complaint, except admits that in the fall of 2004, NEGasCo stored mercury for recycling at its fenced and locked Tidewater facility in Pawtucket, Rhode Island, and that the mercury was in a locked storage cabinet in a locked masonry building.

8. NEGasCo denies the allegations set forth in paragraph 8 of the Complaint.

9. NEGasCo denies the allegations set forth in paragraph 9 of the Complaint.

10. NEGasCo denies the allegations set forth in paragraph 10 of the Complaint.

11. NEGasCo denies the allegations set forth in paragraph 11 of the Complaint.

12. NEGasCo denies the allegations set forth in paragraph 12 of the Complaint, except admits that criminal trespassers Stephen Carberry and Jason Smith, among others, using crowbars and bats, forcibly broke into the Tidewater facility and stole mercury from a locked storage cabinet in a locked masonry building at Tidewater.

13. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admits that Stephen Carberry and Jason Smith, among others, brought mercury they had stolen from NEGasCo's Tidewater facility to the vicinity of the Lawn Terrace Apartments.

15. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. NEGasCo is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. NEGasCo denies the allegations set forth in paragraph 17 of the Complaint.

18. NEGasCo denies the allegations set forth in paragraph 18 of the Complaint.

19. NEGasCo denies the allegations set forth in paragraph 19 of the Complaint.

**COUNT I**
**Negligence**
**(Southern Union)**

20. In response to paragraph 20 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 19 of the Complaint as if such responses were fully set forth herein.

21. NEGasCo denies the allegations set forth in paragraphs 21 through 25 of the Complaint.

**COUNT II**
**Negligence**
**(Clean Harbors)**

22. Paragraphs 26 through 32 of the Complaint concern or relate to the alleged conduct of Clean Harbors and do not concern or relate to the alleged conduct of NEGasCo, therefore, a response to paragraphs 26 through 32 of the Complaint are not

required from NEGasCo. To the extent a response is required, NEGasCo denies the allegations set forth in paragraphs 26 through 32 of the Complaint.

**COUNT V**

**Strict Liability**
**(Southern Union)**

23. In response to paragraph 40 of the Complaint, NEGasCo repeats and realleges its responses to paragraphs 1 through 32 of the Complaint as if such responses were fully set forth herein.[1]

24. NEGasCo denies the allegations set forth in paragraph 41 of the Complaint, except admits that the mercury stored in the locked storage cabinet in the locked masonry building at Tidewater was to be recycled.

25. NEGasCo denies the allegations set forth in paragraphs 42 through 44 of the Complaint.

**FIRST DEFENSE**

26. The Complaint, and each count alleged therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

27. Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD DEFENSE**

28. Plaintiffs' claims are barred by the doctrine of laches.

---

[1] Though paragraph 40 of the Complaint makes reference to "Paragraphs 1 through 39 of this Complaint," the Complaint has no paragraphs numbered 33 through 39.

**FOURTH DEFENSE**

29. Plaintiffs lack standing to bring the claims asserted in the Complaint, and alternatively, plaintiffs failed to file suit in the correct legal capacity and/or with the required authorization.

**FIFTH DEFENSE**

30. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**SIXTH DEFENSE**

31. To the extent plaintiffs seek remediation (or its equivalent, however styled), the Court lacks jurisdiction to order same, and plaintiffs can not obtain such remedy in this action, as such remedy falls exclusively within the jurisdiction of the Rhode Island Department of Environmental Management.

**SEVENTH DEFENSE**

32. Plaintiffs have failed, refused and/or neglected to mitigate their damages alleged in the Complaint, and alternatively, plaintiffs have by their own acts and omissions increased their claimed damages.

**EIGHTH DEFENSE**

33. If the plaintiffs suffered any damages or loss, which NEGasCo denies, such damage or loss was not caused by, or legally attributable to NEGasCo, because, for among other reasons, any alleged damages or loss, was the result of and attributable to the supervening intervening criminal conduct of Stephen Carberry and Jason Smith, and others.

**NINTH DEFENSE**

34. Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions by NEGasCo were the proximate cause or the actual cause of the injuries or damages allegedly sustained by plaintiffs, and, alternatively, because any injuries or damages allegedly sustained by plaintiffs were the result of intervening or supervening events, factors, occurrences or conditions, not proximately caused by NEGasCo and for which NEGasCo is not liable.

**TENTH DEFENSE**

35. Plaintiffs' alleged injuries are the fault of or caused by one or more of plaintiffs or persons or entities other than NEGasCo, and for whose conduct NEGasCo is not responsible, and such claims are therefore barred against NEGasCo, or, in the alternative, such fault of plaintiffs or persons or entities other than NEGasCo reduces plaintiffs' right of recovery by that amount which said fault of other plaintiffs or persons or entities contributed to plaintiffs' alleged damages.

**ELEVENTH DEFENSE**

36. Plaintiffs' claims premised on theories of agency are barred against NEGasCo because no employee, "servant" or agent of NEGasCo was authorized by NEGasCo to commit the relevant acts alleged in the Complaint.

**TWELFTH DEFENSE**

37. At all times relevant hereto, NEGasCo complied with all applicable laws and regulations, and the claims asserted by the plaintiffs are, therefore, barred and/or preempted under state or federal law, or both.

**THIRTEENTH DEFENSE**

38. At all relevant times, defendants acted with due care, complied with all applicable laws and regulations, and otherwise conducted themselves reasonably under the circumstances.

**FOURTEENTH DEFENSE**

39. Plaintiffs are not entitled to recover the types of damages or relief sought in the Complaint, including without limitation remediation, medical monitoring, future testing, and future medical expenses.

**FIFTEENTH DEFENSE**

40. Plaintiffs claims are barred in whole or in part by plaintiffs' assumption of risk.

**SIXTEENTH DEFENSE**

41. Plaintiffs' claims are barred by their failure to join one or more necessary and/or indispensable parties.

**SEVENTEENTH DEFENSE**

42. Plaintiffs' punitive damages claim is barred as a matter of law and public policy.

**EIGHTEENTH DEFENSE**

43. Plaintiffs' punitive damages claim cannot be sustained because an award of punitive damages would violate NEGasCo's due process, equal protection, and other rights guaranteed by law, and by the Constitution of the State of Rhode Island and the United States Constitution.

## NINETEENTH DEFENSE

44. The Complaint, and each cause of action therein, fails to set forth facts sufficient to entitle plaintiffs to an award of punitive damages.

## TWENTIETH DEFENSE

45. Plaintiffs' claims are barred in whole or in part on the basis that NEGasCo acted for public benefit and/or as a "Good Samaritan."

## TWENTY-FIRST DEFENSE

46. Plaintiffs' claims and/or remedies are barred in whole or in part on the basis that plaintiffs did not own the premises where they resided.

## TWENTY-SECOND DEFENSE

47. Plaintiffs' claims and/or remedies are barred in whole or in part by releases signed by or on behalf of plaintiffs.

## TWENTY-THIRD DEFENSE

48. NEGasCo reserves the right to amend this answer, including to assert additional defenses based upon the discovery of additional facts.

## PRAYER FOR RELIEF

WHEREFORE, NEGasCo requests that this Court enter judgment in its favor and against plaintiffs, dismissing the Complaint, and all claims therein, with prejudice, and awarding NEGasCo its costs, attorneys' and experts' fees and expenses and granting NEGasCo such other and further relief as the Court deems just and proper.

## JURY DEMAND

NEGasCo requests a trial by jury.

NEW ENGLAND GAS COMPANY, an unincorporated division of Southern Union Company

By its Attorneys,

/s/ Gerald J. Petros

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8000

## CERTIFICATION

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903

I hereby certify that on July 18, 2007, a copy of the foregoing Defendant New England Gas Company's Answer to Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros