UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANGEL ARRIAGA, ET AL.,
PLAINTIFFS

vs. CIVIL ACTION NO. 06-45T

NEW ENGLAND GAS CO.,
ET AL.,
DEFENDANTS

SCHEDULING ORDER - JURY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Closure Date. All Discovery in this case shall be closed as of DECEMBER 1st, 2008 unless otherwise ordered by the Court. Said date, or such other date as the Court may subsequently specify, shall be referred to as the "Closure Date."

2. Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Nothing contained in this order shall excuse a party from its continuing obligation, under the Rules, to update responses to discovery or to respond to discovery requests made before the Closure Date.

3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before the Closure Date. In any event, disclosure shall be made within the times prescribed by Fed.R.Civ.P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

4. Time for Motions. All motions, including motions to amend pleadings, motions for leave to file counterclaims, cross claims or third party complaints, motions to add parties, motions for summary judgment, motions for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions.

No motion, other than a motion for summary judgment; a motion to modify this Order or a motion to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date.

A motion for summary judgment may not be made more than 20 days after the Closure Date.

5. Filing of Motions in General. All motions and objections to motions shall be made in accordance with the provisions of LR Cv. 7. Motions for summary judgment also shall comply with the requirement of LR Cv. 56.

Documents, other than memoranda of law or statements of undisputed facts, shall be submitted with a motion or objection only if the contents of the document are disputed and necessary to decide the motion and, then, only to the extent that references to specific portions of said documents are made in the accompanying memorandum.

6. Page Limits. Unless otherwise permitted, for good cause shown, documents filed with the Court shall not exceed the applicable page limits set forth in the attached Appendix A.

Any request to exceed these page limits shall be in the form of a motion which shall specify the reason(s) why additional pages are necessary and the number of pages in the document(s) that the movant seeks to file.

7. Prerequisites to Filing Motions for Summary Judgment.

No motion for summary judgment may be filed until counsel proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and the utility of the proposed motion. The matters that counsel should be prepared to address at that conference shall include: the nature of the proposed motion; the "undisputed" facts upon which it is based; how many of the counts and/or issues the motion would resolve; whether and to what extent the non-moving party contests the motion and the "undisputed" facts asserted and whether the matters in question can be resolved more simply, less expensively and more expeditiously through a trial. Prior to

requesting such a conference, counsel for the proponent shall inform opposing counsel of the nature of the proposed motion and the "undisputed" facts upon which it is based. Counsel for the opponents shall inform counsel for the proponent whether, and to what extent, they oppose the motion and dispute the "facts" upon which the motion is based. Such discussion shall be initiated by counsel that proposes to file the motion who, by requesting a conference, will certify that he or she has complied with the provisions of this paragraph.

8. Addition of Parties. If any party is added to the case after the date of this Order, it shall be the duty of counsel responsible for adding such party to promptly serve a copy of this Order upon such party or its counsel. This Order shall be binding upon such party unless subsequently modified by the Court, at the request of such party, or, otherwise.

9. Duty to Confer. Within 10 days after the Closure Date, counsel for all parties shall confer and make a diligent, good faith effort to settle the case. Such effort shall include the presentation of a demand by each claimant of the terms it would accept in satisfaction of its claim and the presentation of an offer by each party against whom a claim is made of what it is willing to tender to resolve such claim.

It shall be the duty of plaintiff's counsel to initiate this conference, and it shall be the duty of other counsel to respond promptly. If any counsel is unable to obtain the cooperation of

any other counsel, it shall be his or her duty to immediately communicate that fact, in writing, to the Court.

BY ORDER:

/s/ Ryan H. Jackson

Deputy Clerk

ENTER:

/s/ Ernest C. Torres

Ernest C. Torres
Senior U.S. District Judge
Date: 10/18/2007

## **Appendix A – Page Limits**

Unless otherwise permitted, by the Court, for good cause shown, documents filed in support of or in opposition to any motion or appeal shall not exceed the following page limits:

1. Memoranda of Law. A memorandum of law in support of or in opposition to a motion shall not exceed ten (10) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, a magistrate judge's Report and Recommendation, a bankruptcy appeal or an administrative appeal shall not exceed twenty (20) pages. Reply memoranda may not exceed five (5) pages.

2. Statements of Undisputed Fact. Statements of undisputed facts relating to motions for summary judgment shall not exceed ten (10) pages.

3. Appendices, Exhibits and Other Supporting Documents. Except as provided in paragraph 4, appendices, exhibits and any other documents whatsoever, regardless of how they are denominated, shall not exceed ten (10) pages in the aggregate; or, in the case of a motion for summary judgment, twenty (20) pages in addition to any statement of undisputed facts.

4. Exceptions to Page Limitations. The page limitations on memoranda shall apply in all cases. The page limitations on appendices, exhibits and other supporting documents shall not apply to:

   a. The record in:
      i. Bankruptcy appeals
      ii. Cases alleging wrongful denial of ERISA benefits
      iii. Administrative appeals, including, but not limited to Social Security appeals and IDEA appeals
      iv. Any other case involving an appeal from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below.

   b. Discovery documents submitted with a motion to compel discovery to the extent necessary to inform the Court of the requests and responses that were made.

   c. Transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or § 2255.

   d. Exhibit Lists, Copies of Exhibits, Requested Jury Instructions and any Other Documents Required to be Filed in Connection with Pretrial Memoranda.

scheduling order jury case
December 14, 2005