**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| | : | |
| Defendants. | : | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW**

Plaintiffs' opposition papers confirm that this action should be stayed. Southern Union has been indicted and is currently defending itself in the parallel criminal case *United States v. Southern Union Company*, CR 07-134T (D.R.I.). By contrast, discovery in this civil matter is in its beginning stages. While plaintiffs may complain of a delay in the filing of this motion to stay, the simple fact is that no parties have been deposed yet, no documents have been exchanged and no interrogatory responses have been served. Moreover, plaintiffs' civil claims concern almost entirely damages for the loss of use and enjoyment of their residential dwellings during the mercury-clean up period in late 2004 when they were displaced. Their interest in recovering money damages for this historical displacement is clearly outweighed by the prejudice Southern Union will suffer by being forced to defend itself simultaneously on two fronts. The cases involve substantially the same sequence of events, the same witnesses, the same documents, and many of the same expert issues. Staying this civil action until the criminal matter is resolved may well obviate the need for some discovery, will increase court efficiency, and could facilitate settlement. Accordingly, in the interests of justice, the motion should be granted.

**ARGUMENT**

Southern Union should not be forced to defend this action with an eye toward the criminal case. The hardship far outweighs plaintiffs' interest in an expeditious resolution here. Thus, weighing all of the factors in a "highly nuanced" balancing test, the Court should grant the motion. *Microfinancial, Inc. v. Premier Holidays Inter., Inc.*, 385 F.3d 72, 78 (1st Cir. 2004).

**A. Plaintiffs' Interests Will Not Be Prejudiced by a Stay.**

Whatever interests plaintiffs may have in a "speedy discovery process," Plaintiffs' Memorandum ("Pl. Memo") at 4, those interests are hardly prejudiced by a stay here until resolution of the parallel criminal matter with a "definite and final conclusion." *United States v. Hugo Key and Son, Inc.*, 672 F. Supp. 656, 659 (D.R.I. 1987). Plaintiffs complain that Southern Union delayed the discovery process by removing the case to federal court. Such removal was by right, and Southern Union should not be punished for exercising that right, particularly where, as here, non-diverse plaintiffs were dropped only after plaintiffs' motion to remand was denied. *See Arriaga v. New England Gas Co.*, 483 F. Supp. 2d 177, 187 (D.R.I. 2007).

Plaintiffs also contend that a delay will negatively impact "the time sensitive relief sought" for "medical monitoring and further remediation." Pl. Memo. at 5. This argument should be rejected for several reasons. First, it is purely speculative that a stay of discovery will delay the outcome of this action, as resolution of the criminal matter is likely to resolve issues which may lead to a faster conclusion here. Second, even if there is some delay, there is no significant risk of prejudice based upon medical monitor or remediation. Plaintiffs' counsel has conceded that no more than three of the 70-plus plaintiffs currently have even a colorable claim for medical damages, and remediation has already led to the property being given a clean bill of health by the state. *See* Southern Union Memo. at 2 n.1. There is no basis to believe that the

properties are not safe for occupancy. Third, plaintiffs' Complaint in this regard is not credible. Plaintiffs initially sought emergency relief in state Court when they filed this claim. After Southern Union removed the case to federal court, plaintiffs abandoned this request and sat on their hands for two and half years. Plaintiffs can not now credibly claim that emergency relief is necessary in a calculated effort to defeat a motion to stay. Finally, Clean Harbors, while not directly affected by the criminal case, does not oppose this motion and will no doubt benefit from the improved efficiency provided by resolution of the criminal case.

Therefore, this consideration does not weigh significantly in plaintiffs' favor.

**B. <u>Defendant Will Be Prejudiced if Forced to Defend Both Actions at the Same Time.</u>**

Southern Union will suffer unnecessary prejudice if forced to defend both the civil and criminal matters simultaneously. Southern Union is not merely a target of a criminal investigation, but has been indicted. The distinction is significant. *See Microfinancial*, 385 F.3d at 79 n.3; *S.E.C. v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Indeed, the fact that Southern Union has been indicted and must defend a civil action involving substantially the same subject matter makes for the "strongest case" for a stay. *Dresser Indus*., 628 F.2d at 1377.

Plaintiffs wrongly suggest that Southern Union itself is claiming a Fifth Amendment right against self-incrimination. *See* Pl. Memo. at 5. Southern Union has never made that claim. Instead, Southern Union will suffer substantial prejudice by being forced to litigate this civil action with a constant eye toward the criminal action. Not only may the government take advantage of the broader discovery available here through its subpoena power, but Southern Union may also reveal aspects of its intended strategy for the defense of the criminal matter. *See Dresser Indus.*, 628 F.2d at 1376; *United Techs. Corp. v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995). Moreover, Southern Union's employees and former employees could potentially become

the target of criminal investigations, a predicament entirely avoidable by staying this action until the conclusion of the criminal matter. Far from "hid[ing] behind potential Fifth Amendment privileges held by [its former and current] employees," Southern Union contends that the risk to its employees and former employees is simply one of many factors this Court should consider in its analysis. Pl. Memo. at 6; s*ee Dean*, 906 F. Supp. at 29. Finally, the risk of prejudice is substantial to Southern Union where discovery decisions will need to be made – including whom to depose, the kinds of documents to seek, what third-party discovery to take – in light of constraints by the crossover effects those decisions will no doubt have on the criminal action.

**C. <u>Third-Party Interests and Court Efficiency Both Favor the Granting of the Stay</u>.**

The Court's convenience is "deserving of substantial weight." *Microfinancial*, 385 F.3d at 79. Here, granting the requested stay will increase the court's efficiency by (i) avoiding numerous motions and the unnecessary duplication of discovery and (ii) potentially narrowing the claims and defenses in this action. *See Dean*, 906 F. Supp. at 28. Plaintiffs once again point to the original date of the filing of this Complaint as evidence of prejudice to their case. *See* Pl. Memo. at 8. However, plaintiffs should not be rewarded for intentionally joining non-diverse parties, thereby suffering a delay for which they alone are responsible. Moreover, plaintiffs' reliance on *Aetna Cas. & Surety Co. v. Kelly*, 889 F. Supp. 535, 541 (D.R.I. 1995) and *Digital Equipment* are misplaced. First, *Aetna Casualty*, while admittedly a case involving parallel state and federal cases rather than parallel criminal and civil actions, nonetheless provides support for a stay by recognizing the risks of duplication of effort and inconsistent results in parallel piecemeal litigation. Second, *Digital Equipment*, unlike here, involved twenty co-defendants, only four of whom had been indicted. Staying that civil action would have meant potentially holding up a case where the vast majority of civil defendants had no stake in the criminal action,

and depositions had already been noticed. *See Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 11 n.3 & 14 (D. Mass. 1991). Here, no such risk is involved, as there are only two defendants and discovery is only in its beginning stages.[1]

In addition, third-party interests favor the granting of the stay. As already noted above, Southern Union's employees and former employees only stand to benefit from a stay here. Similarly, Clean Harbors will benefit from a stay by streamlining the civil litigation process, avoiding unnecessary motion practice, and potentially obviating the need for some discovery.

**D. The Remaining Three Factors All Weigh in Favor of Granting the Stay.**

The public's interest in a fair and just criminal process, the fact that this action is in the beginning stages of discovery, and the parties' good faith efforts to litigate this action in a timely and sensible manner all weigh in favor of granting the stay. First, as this Court has recognized, the public has a stronger interest in law enforcement than it does in the prompt resolution of civil cases. *See Hugo Key*, 672 F. Supp. at 658. Second, this action is in its beginning stages of discovery and no prejudice will be suffered by any potential delay a stay will cause until the criminal matter reaches its conclusion.[2] Finally, the parties have proceeded and continue to proceed in good faith. Southern Union brings this motion four months after the Indictment, a prompt filing given the complexity of issues and number of plaintiffs involved. While it is true that Southern Union may have anticipated bringing this motion earlier, it is also true that plaintiffs were free to pursue discovery more aggressively, if they so desired. Instead, both parties have generally used common sense and professional courtesy to resolve any differences. Thus, the good faith factor weighs in favor of granting the stay as well.

---

[1] By agreement with plaintiffs' counsel, a joint motion to continue the scheduling of plaintiffs' motion to compel defendants' document request responses has been filed, giving defendants until April 14, 2008 to respond to plaintiffs' requests.

[2] Southern Union moves for a stay of all discovery. Despite plaintiffs' contentions to the contrary, granting only a partial stay will lead to piecemeal litigation and will cause greater confusion for the parties. *See* Pl. Memo. at 7-8.

## **CONCLUSION**

For the foregoing reasons, defendant's Motion to Stay these proceedings until the resolution of the case entitled *United States of America v. Southern Union Company*, CR 07-134T (D.R.I.), should be granted.

NEW ENGLAND GAS COMPANY, INC.

*/s/* Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
jpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: March 17, 2008

# CERTIFICATION

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903

I hereby certify that on March 17, 2008, a copy of the foregoing Defendant's Reply Memorandum of Law in further support of the motion to stay was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros

877584 (14015/127589)