**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| | : | |
| Defendants. | : | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S**
**MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and the applicable Local Rules, New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), moves for a protective order directing that the depositions noticed by plaintiffs of former NEGasCo employees Clifford Richer and Gary Dennis be adjourned until after a verdict is returned in the criminal case of *United States v. Southern Union Company*, CR 07-134S (D.R.I.). In support of this motion, NEGasCo relies on the memorandum of law submitted herewith.

NEW ENGLAND GAS COMPANY, INC.

*/s/* Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
jpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: June 30, 2008

**NEW ENGLAND GAS COMPANY'S CERTIFICATION**
**FOR THE MOTION FOR A PROTECTIVE ORDER**

Defendant New England Gas Company ("NEGasCo") herby certifies pursuant to Federal Rule of Civil Procedure 26(c) that the NEGasCo's counsel has in good faith conferred with plaintiffs' counsel in attempt to resolve this dispute regarding plaintiffs' attempt to take discovery from NEGasCo's former employees.

NEW ENGLAND GAS COMPANY, INC.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
jpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: June 30, 2008

**CERTIFICATION**

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
Patrick F. Dowling, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata LLP
55 Pine Street
Providence, RI 02903

I hereby certify that on June 30, 2008, a copy of the foregoing Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros

*904657 (14015/127589)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| Defendants. | : | |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and the applicable Local Rules, New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), moves for a protective order directing that the depositions noticed by plaintiffs of former NEGasCo employees Clifford Richer and Gary Dennis be adjourned until after a verdict is returned in the criminal case of *United States v. Southern Union Company*, CR 07-134S (D.R.I.).

On May 21, 2008, this Court heard oral argument on NEGasCo's Motion to Stay all discovery pending the outcome of the criminal case against Southern Union. On May 27, 2008, the Court entered an Order granting the motion "as to discovery directed against New England Gas Company until a verdict is returned in the criminal case of *United States v. Southern Union Company*" and denying the motion "as to discovery involving third parties." Order at 1. Following that Order, plaintiffs' counsel served five deposition notices, including two seeking the depositions of former NEGasCo employees Richer and Dennis. Plaintiffs counsel also

noticed the depositions of two Clean Harbors witnesses and the Chief of the Pawtucket Fire Department.

NEGasCo does not quarrel with the deposition notices served on the Clean Harbors witnesses and on the Pawtucket Fire Department. Based on the Court's comments during oral argument, such discovery is the type of "third party discovery" the Court contemplated would proceed while the criminal case is ongoing. The depositions of NEGasCo's former employees are another matter. Given that the Order stayed discovery of NEGasCo, and given that NEGasCo necessarily acted through its employees (be they current or former employees today),[1] it stands to reason that the discovery stay of NEGasCo applies to its present and former employees as well.

Accordingly, consistent with the Court's May 27 Order, NEGasCo hereby moves to adjourn the depositions of Richer and Denis until a verdict is returned in the criminal case. In the absence of this relief, and as articulated in NEGasCo's original motion to stay discovery, NEGasCo will be substantially prejudiced in the criminal case.

## ARGUMENT

A corporation acts through its employees. Messrs. Richer and Denis were NEGasCo employees during the relevant time period. Both employees had a role in Southern Union's handling and storage of mercury – a subject central to the criminal case [and of this case as well]. Both Richer and Denis were summoned and testified before the grand jury that returned the indictment in the criminal case. In now noticing the Richer and Dennis depositions, plaintiffs are effectively seeking discovery of NEGasCo – discovery that this Court ordered should await the conclusion of the Government's criminal prosecution of Southern Union.

[1] Southern Union Company sold the Rhode Island assets of NEGasCo to National Grid in 2006, and therefore virtually all of the NEGasCo employees with knowledge regarding Tidewater are now former employees.

The prejudice to NEGasCo presented by its having to defend itself simultaneously in the criminal case and in this civil case is substantial. The information plaintiffs now seek concerns the Company's MSR Program, conditions at Tidewater, the break-in, and the release of mercury. Obviously, one source of that information is the Company's employees during the relevant time period. Yet, it is the use of civil discovery to obtain information from this very type of fact witness – who could, among other things, arguably bind the company through his testimony at deposition – that is improper and should be stayed.[2] The Court limited discovery in this case to third parties, not NEGasCo. Discovery of NEGasCo necessarily includes its present employees. That Dennis and Richer are by fortuity now *former* employees should make no difference, and would not ameliorate the actual or potential prejudice that formed the basis for the Order.[3]

Accordingly, the Court should grant NEGasCo's motion for a protective order and the depositions of Dennis and Richer should be adjourned until a verdict is returned in the related criminal case.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant's Motion for a Protective Order should be granted.

[2] As Fed. R. Evid. 801(d)(2)(D) provides, a statement can be excluded from the hearsay exception where "the statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. To the extent plaintiffs intend to elicit testimony from former employees like Richer and Denis about events during the course of their employment, this hearsay exception may apply.

[3] NEGasCo conferred with plaintiffs' counsel in a good faith effort to resolve this dispute but the parties were unsuccessful.

NEW ENGLAND GAS COMPANY, INC.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
jpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: June 30, 2008

## CERTIFICATION

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
Patrick F. Dowling, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata LLP
55 Pine Street
Providence, RI 02903

I hereby certify that on June 30, 2008, a copy of the foregoing Memorandum of Law in Support of its Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Gerald J. Petros

904700v6