**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT, NEW ENGLAND GAS COMPANY'S MOTION FOR A PROTECTIVE ORDER**

Now come the Plaintiffs, by and through their attorneys, and hereby object to Defendant, New England Gas Company's Motion for a Protective Order. As grounds therefore and in support thereof, Plaintiffs rely on the attached Memorandum of Law.

Wherefore, your Plaintiffs hereby request Defendant's Motion for a Protective Order be denied, together with all further relief deemed appropriate by this Honorable Court.

Plaintiffs,
By and Through Their Attorneys:

***D'AMICO • BURCHFIELD, LLP***

/s/ Mark W. Dana

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

## CERTIFICATION

I hereby certify that on this 16th day of July 2008, a true copy of the within Objection to Defendant's Motion for Protective Order was filed electronically and copies were sent to all counsel of record via regular mail. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***John A. Kiernan, Esq.***
***Dawn M. Neborsky, Esq.***
***Bonner Kiernan Trebach & Crociata, LLP***
***200 Portland Street, Suite 400***
***Boston, MA 02114***

/s/ Mark W. Dana

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al.,<br>Plaintiffs, | : | |
| vs. | : | C.A. NO. 06-045T |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br>Defendants. | : | |

***PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO DEFENDANT, NEW ENGLAND GAS COMPANY'S, MOTION FOR A PROTECTIVE ORDER***

Plaintiffs submit this Memorandum of Law in support of their objection to Defendant, New England Gas Company's (hereinafter "NEGC") Motion for a Protective Order seeking to adjourn noticed depositions of former NEGC's employees, Clifford Richer and Gary Dennis, until a verdict is returned in the companion criminal case. For the reasons set forth below, Plaintiffs object to said Motion for a Protective Order and ask this Court to deny the same.

**STATEMENT OF FACTS**

On May 21, 2008, this Honorable Court held a hearing on Defendant, NEGC's Motion to Stay the within matter pending completion of the parallel criminal case pending in United States v. Southern Union Company, CR 07-134S (D.R.I.). Following hearing, this Court granted Defendant's Motion in part and denied in part. Specifically, this Court entered an Order on May 27, 2008, staying discovery directed at NEGC, but permitting continuing discovery involving third parties. Order, at 1.

On June 12, 2008, Plaintiffs, relying on the plain language of the aforementioned Order, noticed several depositions, including the two currently at issue of Gary Dennis and Clifford Richer, both former employees of NEGC. On or about June 30, 2008, NEGC filed the pending Motion seeking a protective order to adjourn the noticed depositions of its former employees until a verdict is returned in the parallel criminal case. NEGC reasons the basis for its motion on the theory that the stay imposed upon discovery directed at NECG must extend to present and former company employees. NEGC's Supporting Memorandum, at 2.

## STANDARD OF REVIEW

It is undisputed that this Court has "'broad discretion' to decide 'when a protective order is appropriate and what degree of protection is required'" so to protect against "annoyance, embarrassment or undue burden occasioned by discovery." Poliquin v. Garden Way, 989 F.2d 527, 532 (1st Cir. 1993) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). Pursuant to Federal Rule 26 (c), "a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending - or as an alternative on matters relating to a deposition." Fed. R. Civ. P. 26(c). The party seeking the protective order has the burden of showing that good cause exists by stating "specific facts to support its request and cannot rely on speculative or conclusory statements." Friends of the Earth v. United States Dept. of the Interior, 236 F.R.D. 39, 41 (D.D.C. 2006). In ruling of Defendant's request for a protective order, this Court must balance the interests present in the pending matter and determine whether the moving party has made a showing of good cause to justify the relief sought. Rodriguez v. Boehringer Ingelheim Pharmaceuticals, Inc., 425 F.3d 67, 73 (1st Cir. 2005) (citing United States v. Microsoft Corp., 165 F.3d 952, 959-60 (D.C. Cir. 1999)).

## ARGUMENT

The respective legal theories presented by NEGC in support of, and the Plaintiffs against, NEGC's Motion to Stay were briefed in detail and argued before this Court on May 21, 2008. Among the arguments raised by NEGC was that permitting civil discovery to continue in this matter would allow the prosecution in the parallel criminal matter to secure evidence otherwise not available under the more stringent criminal rules of procedure. The possible affect thereof would be to prejudice NEGC and its defense to criminal prosecution. In consideration of the relevant competing interest, this Court issued a stay of discovery "directed against New England Gas Company" and permitted ongoing civil discovery "involving third parties." Order, at 1.

Though labeled as a Motion for a Protective Order, NEGC's pleading appears to bring two material issues before the Court. The first being whether the depositions noticed of NEGC's former employees, Gary Dennis and Clifford Richer, constitute discovery directed at NEGC or third parties as distinguished by the controlling Order. The second being, if the Court intended to consider former employees as third parties under the Order, NEGC seeks alterative relief above the discovery Order by way of a protective order under Rule 26(c).

In presenting its argument that the noticed depositions of Gary Dennis and Clifford Richer constitute discovery directed at NEGC, the company fails in total, to articulate a factual basis for its conclusion. Though NEGC implies otherwise, the cause for separation of these individuals from their employment status with NEGC is immaterial to the discussion at hand. NEGC relies solely on self serving theorization to conclude that former employees are to be treated in the same manner as current employees. NEGC cites no legal authority to support this conclusion or justification for expanding the plain language of this Court's Order associated with staying discovery directed at NEGC. Accepting NEGC's argument would effectively mandate a

person by person inquiry as to the historic relationship with NEGC and potential use as a fact witness in the criminal case so to prevent the deposition testimony given in this matter from "bind[ing] the company" and prejudicing the criminal defense. See NEGC's Supporting Memorandum, at 3.

Plausibly, discovery in this civil proceeding will delineate numerous individuals with first hand knowledge of the "Company's MSR Program, conditions at Tidewater, the break-in, and the release of mercury." See id. (setting forth conclusion on the information sought from the noticed depositions). NEGC concedes "the Company's employees" are just "one source" of information on these factual issues. Additional individuals likely to have similar information may include past employees and agents of NEGC, separated from NEGC at various times and for various reasons throughout the operation of the Tidewater facility. Other individuals with relevant information likely include contractors, auditors, or other individuals never employed by NEGC. Each individual's information, irrespective of the capacity in which it was obtained, is potentially valuable as evidence in both proceedings. NEGC's argument in support of the instant motion would necessitate staying civil discovery on the factual issues surrounding the Tidewater facility operation, rather than as directed against NEGC.

With regard to seeking protection under Rule 26(c), NEGC fails to articulate any specific factual basis constituting just cause, as required in seeking a protective order. Friends of the Earth, 236 F.R.D., at 41 (holding that a party seeking a protective order may not rely on speculative or conclusory statements to demonstrate just cause). While conceding the individuals at issue are former employees, NEGC offers nothing more than a blanket conclusionary argument that the prejudice sought to be avoided by this Court's discovery Order would reappear if the depositions go forward. NEGC offers no basis to support the finding that

the prosecution in the criminal proceeding would benefit, or NEGC prejudiced in any specific manner by depositions of former employees. Nothing prevents the government in preparing its case in chief against NEGC from speaking with NEGC's former employees, calling them as witnesses for the prosecution or otherwise having full availability of their potential testimony in consideration of or actual use at trial.

Accepting the rationale presented by NEGC herein so to prevent the speculated prejudice would effectively expand the scope of the discovery stay beyond NEGC to third parties such as past employees, and also those more distant third parties with knowledge on the subject matter pertaining to the Tidewater facility, MSR Program, and the mercury spill at issue. This result must be considered well beyond this Court's contemplation in fashioning the straight forward Order staying discovery directed at NEGC. Without being proscribed by this Court's Order entered May 27, 2008, and absent a factual showing as to specific reasons necessitating a protective order to adjourn the noticed depositions, NEGC's Motion for a Protective Order must be denied.

## **CONCLUSION**

The Plaintiffs hereby respectfully request this Honorable Court to deny the Motion made by the Defendant, NEGC, for the reasons stated above.

Plaintiffs,
By and Through Their Attorneys:

**D'AMICO • BURCHFIELD, LLP**

/s/ Mark W. Dana
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
Phone 401.454.1212

Fax 401.454.1233
Email mwd@dblawri.com

**CERTIFICATION**

I hereby certify that on this 16th day of July 2008, a true copy of the within Memorandum in Support of Plaintiffs' Objection to Defendant's Motion for Protective Order was filed electronically and copies were sent to all counsel of record via regular mail. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

***Mark P. Dolan, Esq.***
***RICE, DOLAN & KERSHAW***
***170 Westminster Street***
***Suite 900***
***Providence, RI 02903***

***Gerald J. Petros, Esq.***
***HINCKLEY, ALLEN & SNYDER, LLP***
***1500 Fleet Center***
***Providence, RI 02903***

***John A. Kiernan, Esq.***
***Dawn M. Neborsky, Esq.***
***Bonner Kiernan Trebach & Crociata, LLP***
***200 Portland Street, Suite 400***
***Boston, MA 02114***

/s/ Mark W. Dana