**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| Defendants. | : | |

**NEW ENGLAND GAS COMPANY'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), submits this reply memorandum in support of its motion for a protective order directing that the depositions of former Southern Union employees Clifford Richer and Gary Denis be adjourned until after a verdict is returned in the criminal case of *United States v. Southern Union Company*, CR 07-134S (D.R.I.).

**ARGUMENT**

NEGasCo has shown good cause why this Court should grant the motion for a protective order. *See* Fed. R. Civ. P. 26(c). Nothing in plaintiffs' opposition suggests otherwise.

The relief NEGasCo requests here is both limited and narrow. Through its motion for a protective order, NEGasCo seeks to adjourn the depositions of its former employees until a verdict is returned in the criminal case. Thus, the sweep of the requested relief captures *only* former employees and *only* until such time as a verdict is rendered in the criminal case. This form of limited relief is entirely consistent with the Court's comments during oral argument of

NEGasCo's stay motion and will not prejudice plaintiffs at all. Plaintiffs remain free to conduct discovery from third parties other than former employees. Indeed, NEGasCo has expressly stated that it has no quarrel with such discovery. *See* NEGasCo's Memorandum at 2.

Thus, far from seeking to prevent discovery from individuals such as "contractors, auditors, or other individuals never employed" by NEGasCo, as plaintiffs' contend, NEGasCo's motion seeks to adjourn discovery only from current and former NEGasCo employees and only for a limited time period.[1] *See* Plaintiffs' Memorandum at 6. Furthermore, granting the requested relief will not require plaintiffs to engage in a "person by person inquiry as to the historic relationship" that each witness may have with NEGasCo and their relevance to the criminal case. *Id*. at 5-6. On the contrary, the requested protective order will function exactly as the Court intended – limiting discovery of a discrete category of witnesses who are easily identifiable. Despite plaintiffs' hyperbole, this creates no additional burden on plaintiffs.[2]

On the other hand, should the Court deny the limited relief sought, as demonstrated in NEGasCo's moving papers, NEGasCo will be substantially prejudiced. Since NEGasCo only acts through its employees, by seeking to depose former employees Richer and Denis (and presumably other former NEGasCo employees), plaintiffs are effectively seeking discovery from NEGasCo -- discovery which the Court has stayed by its Order dated May 27. Not only will the testimony sought likely implicate issues in the criminal case, thereby prejudicing NEGasCo, but statements made by former employees may arguably bind the Company to the extent those statements either concern events during the time of their respective employment or involve acts or omissions that could be imputed to NEGasCo. *See, e.g.*, Fed. R. Evid. 801(d)(2)(D); *see also*

---

[1] The estimated four week criminal trial is scheduled to begin September 22, 2008.
[2] To the extent plaintiffs are unsure whether an individual they seek to depose is a former employee of NEGasCo, NEGasCo will, of course, consult with plaintiffs' counsel and advise them accordingly.

*Armsey v. Medshares Mgmt. Servs., Inc.*, 184 F.R.D. 569, 574 (W.D. Va. 1998) (recognizing prohibition of *ex parte* communications with former employees in context of ethical rules).

Accordingly, the depositions of Messrs. Denis and Richer should be adjourned until a verdict is returned in the related criminal case.

**CONCLUSION**

For the foregoing reasons, NEGasCo's Motion for a Protective Order should be granted.

NEW ENGLAND GAS COMPANY, INC.

*/s/* Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: July 23, 2008

**CERTIFICATION**

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
Patrick F. Dowling, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata LLP
55 Pine Street
Providence, RI 02903

I hereby certify that on July 23, 2008, a copy of the foregoing Reply Memorandum of Law in Support of its Motion for a Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Gerald J. Petros

912667v1