**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARIAGA, et al. | ) | |
| | ) | |
| v. | ) | C.A. No. 06-45T |
| | ) | |
| SOUTHERN UNION COMPANY, | ) | |
| et al. | ) | |

**UNITED STATES' MOTION TO INTERVENE**
**AND FOR AN IMMEDIATE STAY OF CIVIL DISCOVERY**
**DURING THE PENDENCY OF THE RELATED CRIMINAL CASE**

Now comes the United States by its attorneys and, pursuant to Fed. R. Civ. P. 24, moves to intervene in this action, and in order to preserve the integrity of the criminal trial in the related criminal case, to stay further discovery in this action until the conclusion of the trial of the federal criminal case against defendant Southern Union Company. In particular, the United States is seeking the immediate stay of two depositions which have been recently scheduled for August 25 and August 26, 2008. In support of this motion, the government submits the attached Memorandum of Law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARIAGA, et al. | ) | |
| | ) | |
| v. | ) | C.A. No. 06-45T |
| | ) | |
| SOUTHERN UNION COMPANY, | ) | |
| et al. | ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR AN IMMEDIATE STAY OF CIVIL DISCOVERY DURING THE PENDENCY OF THE RELATED CRIMINAL CASE**

In order to preserve the integrity of the imminent trial in the criminal matter closely related to this case, *United States v. Southern Union Company*, CR No. 07-134S, the United States has moved to intervene in this matter for the limited purpose of seeking an immediate stay of all civil discovery until the criminal trial is concluded. It is expected that the criminal trial, which is scheduled to begin evidence on September 22, 2008, will last approximately one month. A stay will prevent Southern Union from avoiding the limits of criminal discovery, without in any way prejudicing Southern Union, or any other party to this case.

**Background**

1. On October 16, 2007, an indictment was returned against Southern Union Company in this District.[1] This is a case with which this Court is familiar. The indictment charges Southern Union with two counts of violating the Resource Conservation and Recovery Act ("RCRA"), in violation of 42 U.S.C. § 6928(d)(2)(A),

---

[1] *United States v. Southern Union Company*, CR No. 07-134S.

and one count of violating the Emergency Planning and Community Right to Know Act ("EPCRA"), 42 U.S.C. §11045(b)(4). In its essence, the indictment charges Southern Union with the unlawful storage of a hazardous waste - mercury - without a permit (the RCRA counts), and then failing to immediately notify local emergency response authorities when Southern Union discovered that liquid mercury had been released from its facility in Pawtucket, Rhode Island (the EPCRA count).

2. Jury selection for the trial of the indictment is presently set for September 3, 2008, with evidence to begin on September 22, 2008, before United States District Judge William E. Smith.

3. On August 13, 2008, counsel for Southern Union Company provided notice to other counsel that it intended to depose (1) the Bethlehem Apparatus Company, Inc., and (2) the Rhode Island Department of Environmental Management (DEM). The notices are attached as Exhibit 1. Both notices required the production of an extensive list of documents, and further require persons knowledgeable with those records to appear and be deposed. Those depositions are scheduled for **August 25th and 26th, 2008** (i.e., next Monday and Tuesday).

4. The undersigned represents to this Court that officials of both Bethlehem Apparatus and DEM are presently under subpoena and are likely witnesses at the upcoming criminal trial.

**ARGUMENT**

**A. The Government Should Be Permitted to Intervene in This Civil Action**

Rule 24 of the Federal Rules of Civil Procedures provides that a party may intervene in a civil action either as a matter of right or on a permissive basis. Either avenue justifies intervention by the United States into the present action.

Federal Rule of Civil Procedure 24(a)(2) provides that a person may intervene as of right when the applicant:

> claims an interest relating to the property or transaction which is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect the interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2)

Intervention is appropriate under this section if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest, and the party's interests are not adequately represented in the action. See Public Serv. Co. of N.W. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998); Fresno County v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980); Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 29, 132-36 (1967) (permitting State of California to intervene under Rule 24(a) an antitrust case to protect state's "interest" in promoting competition in California).

In addition, a court may permit anyone to intervene who "has

a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In order to intervene under this section, the government must establish that there is a common question, an independent ground for jurisdiction, and a timely motion. If these conditions are met, then intervention is within the sound discretion of the trial court. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are adequately represented by the existing parties. See, e.g., Narragansett Elec. Co. v. Constellation Energy Commodities Group, Inc., 526 F.2d 260, 275 (D.R.I. 2007) (J., Smith); Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 472-74 (9th Cir. 1992); Bureerong v. Uvawas, 167 F.R.D. 83, 85-86 (C.D. Ca. 1996) (permitting the government to intervene pursuant to Rule 24(b)(2) for the purpose of staying civil discovery pending the conclusion of a related criminal trial).

**B. Civil Discovery Should be Stayed Pending the Outcome of the Criminal Trial.**

Courts regularly recognize that federal prosecutors have the highest interest in intervening in a civil action in order to represent the United States and to secure criminal convictions in a criminal case. See SEC v. Chestman, 861 F.2d 49, 50 (2nd Cir. 1988) (government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation

involving the same underlying facts was not an abuse of discretion under Rule 24(a) or Rule 24 (b)); SEC v. Downe, 1993 WL 22126 (S.D.N.Y. 1993) ("It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact.")

As this Court knows, the Federal Rules of Criminal Procedure do not allow - absent special conditions - pretrial depositions of witnesses or require that a witness produce documents to a party. If the depositions presently scheduled are allowed to proceed, those limitations would be overridden by the Southern Union's deposing anticipated government witnesses prior to the criminal trial. Indeed, the same attorney who issued the Notices of Deposition is co-counsel in the criminal trial. "Courts are widely acknowledged to possess the authority to stay discovery in such circumstances in order to prevent litigants from availing themselves of liberal civil discovery rules in order to circumvent the more restrictive guidelines governing criminal discovery." Capital Engineering v. Weinberger, 695 F.Supp. 36, 41 (D.D.C. 1988); See also United States v. Percuoco, 109 F.R.D. 565, 567 (D. Mass. 1986) (citing the "the strong federal policy of not permitting litigants in civil cases to circumvent the rules governing criminal discovery").

The United States believes that the continuation of the

civil discovery process will (a) disrupt and unfairly prejudice the interests of the United States in the prosecution of the criminal case by allowing defendant Southern Union Company to obtain discovery which is not permitted by Rule 16 of the Federal Rules of Criminal Procedure, such as the taking of depositions of government witnesses; (b) result in unnecessary consumption of the Court's time and the parties' resources concerning matters that may be largely resolved by the outcome of the criminal case; and (c) prove unnecessarily burdensome to witnesses and other non-parties for the same reason.

On the other hand, Southern Union will suffer no prejudice if it has to delay its scheduled depositions until after the criminal case is over. As in Capital Engineering, the government believes that "[t]he chronology of the filing of this action, the lodging of the present discovery requests, and the initiation of criminal proceedings raises the distinct danger that discovery obtained in the present action may be utilized to defend against the criminal action." 695 F.Supp. at 42; see also Larouche Campaign v. FBI, 106 F.R.D. 500, 501 (D. Mass. 1985) (civil discovery stayed until grand jury found no indictment or until any indictment was tried to conclusion).

In analyzing similar issues in other cases, courts have looked to the timing issues involved, and whether or not a civil litigant will suffer prejudice while discovery is stayed during the criminal investigation or case. Compare, United States v.

Phillips, 580 F.Supp. 517 (N. D. Ill. 1984); Percuoco, 109 F.R.D. at 567 (civil discovery would not be stayed where civil case was scheduled for trial within one week).

**CONCLUSION**

For the reasons stated above, an immediate stay of the discovery in the present civil proceedings is appropriate. For these reasons, the United States respectfully requests that the court approve the United States' application to intervene in this civil case and for an immediate stay of discovery in this case until the conclusion of the criminal trial against Southern Union Company, and that the matter of scheduling in the civil case be addressed at the expiration of the proposed stay.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2008, a copy of the within United States' Motion to Intervene and for an Immediate Stay of Civil Discovery During the Pendency of the Related Criminal Case, and its accompanying Memorandum of Law, was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mark W. Dana
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909

Patrick F. Dowling, Jr.
D'Amico & Birchfield, LLP
536 Atwells Avenue
Providence, RI 02909

Gerald J. Petros
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

Mark P. Dolan
Rice, Dolan & Kershaw
The Aldrich Building
72 Pine Street, Suite 300
Providence, RI 02903

Dawn M. Neborsky
Bonner, Kiernan Trebach & Crociata, LLP
200 Portland Street
Boston, MA 02114

Michael J. Smith
Bonner, Kiernan Trebach & Crociata
55 Pine Street
Providence, RI 02903

Valerie N. Kloecker
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110

John A. Kiernan
Bonner, Kiernan Trebach & Crociata, LLP
200 Portland Street
Boston, MA 02114

Notification was Sent by Electronic Mail to

Counsel in the Criminal Case:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

Proposed Deponents:

SUSAN FORCIER
Legal Counsel
R.I. Department of Environmental Management
susan.wilson@dem.ri.gov

TERENCE TIERNEY
Assistant Attorney General
TTierney@riag.ri.gov

Bethlehem Apparatus, Inc.
blawrence@bethapp.com

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov