UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANGEL ARRIAGA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br><br>Defendants. | **C.A. No. 06-45T** |

**NOTICE TO TAKE DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 28 and 30(b)(6), New England Gas Company ("NEGasCo") will take the deposition of the **Bethlehem Apparatus Company, Inc. ("Bethlehem").** The deposition will take place at **10:00 a.m**. on **Tuesday, August 26, 2008** at the **Allentown Residence Inn, 2180 Motel Drive, Bethlehem, Pennsylvania** or such other place as the parties mutually agree. Pursuant to Federal Rules of Civil Procedure 28 and 30(b)(6), NEGasCo requests that Bethlehem designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf with regard to the matters set forth in Schedule A, attached hereto. NEGasCo also requests, pursuant to Federal Rule of Civil Procedure 30(b)(2), that Bethlehem produce for inspection and copying any documents in its possession, custody or control that are described in Schedule B, attached hereto. The deposition will be taken before a notary public and will continue from day to day until completed. The deposition will be recorded by stenographic means and will be videotaped.

Dated: August 13, 2008

NEW ENGLAND GAS COMPANY, INC.

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: August 13, 2008

**CERTIFICATION**

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
Patrick F. Dowling, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata LLP
55 Pine Street
Providence, RI 02903

I hereby certify that I mailed a copy of the within notice to counsel of record, as above, on the 13th day of August, 2008.

## SCHEDULE A

### General Instructions

1. The person designated by Bethlehem Apparatus Company, Inc. ("Bethlehem") to appear to respond to questions regarding the subject matter of this Rule 30(b)(6) deposition shall make reasonable inquiry to educate himself/herself concerning what is known and/or reasonably available to Bethlehem concerning each matter upon which the person is designated to testify.

2. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to produce all responsive documents that are subject to your possession, custody or control including, but not limited to, documents in the possession, custody or control of your attorneys, investigators, agents, employees, and all other persons acting on your behalf.

3. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

4. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

5. The words "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

6. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring with the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

7. All phrases following the terms "including," "including, but not limited to" and "including without limitation" are intended to illustrate the kinds of matters that are responsive to the request. Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the request.

8. Any document requested herein shall be produced as it is kept in the normal course of business. The name of the file from which it was produced, the identity of the person from whose file it was produced and the identity of the present custodian of that file shall each be set forth.

9. Any document that is attached by staple, clip or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

10. Your refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

11. Where a claim of privilege is asserted, and a document is not provided on the basis of such assertion:

(i) the attorney asserting the privilege shall in the objection to the document demand or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the

document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other.

12. If any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish a list identifying each such document and stating the following information with respect to each document:

(i) the nature of the document and its contents;

(ii) the persons who prepared or authored the document, and, if applicable, the persons to whom the document was sent;

(iii) the date on which the document was prepared or transmitted; and

(iv) the date on which the document was lost, destroyed or otherwise disposed of, the conditions of and reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

13. Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

14. Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or expurgation.

15. This document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required, to the extent set forth in Rule 26(e)

of the Federal Rules of Civil Procedure, promptly to produce supplemental responses reflecting such changes.

**Subject Matter of 30(b)(6) Deposition**

1. Transactions with Bethlehem Apparatus Company, Inc. involving Southern Union Company, the New England Gas Company, the Providence Gas Company, the Fall River Gas Company, and/or the Valley Gas Company during the period from 1995 through 2005, including, but not limited to, Bethlehem Apparatus' acquisition of approximately 450 pounds of mercury from New England Gas Company in or about January of 2001, as reflected in the bill of lading attached as Exhibit 1.

2. Bethlehem Apparatus's policies and procedures relating to the purchase or acceptance of liquid (or elemental) mercury for recycling and/or reclamation during the period from 1995 to 2004.

3. Bethlehem's contacts with the federal Environmental Protection Agency and other governmental regulatory agencies concerning the recycling and/or reclamation of liquid (or elemental) mercury.

**SCHEDULE B**
**Documents to be Produced for 30(b)(6) Deposition**

1. Documents that relate to transactions with Bethlehem Apparatus involving Southern Union Company, the New England Gas Company, the Providence Gas Company, the Fall River Gas Company, or Valley Gas Company during the period from 1995 through 2005.

2. Documents that relate to or concern the regulatory status and handling of liquid (or elemental) mercury received by Bethlehem Apparatus from third parties, including correspondence with the United States Environmental Protection Agency, and including documents that discuss or refer to whether the liquid (or elemental) mercury is considered a solid waste, hazardous waste, or a product at the time it is still in possession of the third party prior to shipping to Bethlehem Apparatus, , during shipping, and at the time it is received by Bethlehem Apparatus.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANGEL ARRIAGA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY,<br><br>Defendants. | **C.A. No. 06-45T** |

**NOTICE TO TAKE DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 28 and 30(b)(6), New England Gas Company ("NEGasCo") will take the deposition of the **Rhode Island Department of Environmental Management ("DEM").** The deposition will take place at 10:00 a.m. on Monday, August 25, 2008 at the offices of Hinckley Allen & Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island 02903 or such other place as the parties mutually agree. Pursuant to Federal Rules of Civil Procedure 28 and 30(b)(6), NEGasCo requests that DEM designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf with regard to the matters set forth in Schedule A, attached hereto. NEGasCo also requests, pursuant to Federal Rule of Civil Procedure 30(b)(2), that DEM produce for inspection and copying any documents in its possession, custody or control that are described in Schedule B, attached hereto. The deposition will be taken before a notary public and will continue from day to day until completed. The deposition will be recorded by stenographic means and will be videotaped.

Dated: August 13th, 2008

NEW ENGLAND GAS COMPANY, INC.

Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: August 13, 2008

**CERTIFICATION**

To:

Mark W. Dana, Esq.
Robert A. D'Amico, Esq.
Patrick F. Dowling, Esq.
536 Atwells Avenue
Providence, RI 02909

Michael Smith, Esq.
Bonner Kiernan Trebach & Crociata LLP
55 Pine Street
Providence, RI 02903

I hereby certify that I mailed a copy of the within notice to counsel of record, as above, on the 13 day of August, 2008.

## SCHEDULE A

### General Instructions

1. The person designated by the Rhode Island Department of Environmental Management to appear to respond to questions regarding the subject matter of this Rule 30(b)(6) deposition shall make reasonable inquiry to educate himself/herself concerning what is known and/or reasonably available to RIDEM concerning each matter upon which the person is designated to testify.

2. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to produce all responsive documents that are subject to your possession, custody or control including, but not limited to, documents in the possession, custody or control of your attorneys, investigators, agents, employees, and all other persons acting on your behalf.

3. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular. The masculine gender shall, where the context permits, be deemed to include the feminine or neuter genders.

4. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

5. The words "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

6. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to

bring with the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

7. All phrases following the terms "including," "including, but not limited to" and "including without limitation" are intended to illustrate the kinds of matters that are responsive to the request. Such examples are not intended to be exhaustive of the materials sought and shall not in any way be read to limit the scope of the request.

8. Any document requested herein shall be produced as it is kept in the normal course of business. The name of the file from which it was produced, the identity of the person from whose file it was produced and the identity of the present custodian of that file shall each be set forth.

9. Any document that is attached by staple, clip or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

10. Your refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

11. Where a claim of privilege is asserted, and a document is not provided on the basis of such assertion:

(i) the attorney asserting the privilege shall in the objection to the document demand or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the

allegedly privileged information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other.

12. If any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish a list identifying each such document and stating the following information with respect to each document:

(i) the nature of the document and its contents;

(ii) the persons who prepared or authored the document, and, if applicable, the persons to whom the document was sent;

(iii) the date on which the document was prepared or transmitted; and

(iv) the date on which the document was lost, destroyed or otherwise disposed of, the conditions of and reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

13. Each paragraph and subparagraph herein shall be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

14. Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or expurgation.

15. This document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required, to the extent set forth in Rule 26(e) of the Federal Rules of Civil Procedure, promptly to produce supplemental responses reflecting such changes.

## SCHEDULE A

## Subject Matter of 30(b)(6) Deposition

1. The Rhode Island Department of Environmental Management's ("RIDEM") involvement with the former Southern Union Company's facility located at the end of Tidewater Street along the Seekonk River in Pawtucket, Rhode Island between 1999 and the present, including any site visits, inspections, and other contacts with the facility.

2. RIDEM's knowledge of Southern Union Company's activities at the Tidewater facility between 2000 and 2005, including any activities involving mercury seal regulators and liquid mercury.

# SCHEDULE B

## Documents To Be Produced for 30(b)(6) Deposition

1. Documents that concern the Tidewater facility or activities at the Tidewater facility between 1999 and the present.

2. Documents that concern mercury seal regulators or liquid/elemental mercury at the Tidewater facility between 1999 and the present.

3. Documents that concern the Tidewater facility's status as a hazardous waste generator.