**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| Defendants. | : | |

**NEW ENGLAND GAS COMPANY'S OBJECTION TO THE UNITED STATES' MOTION TO INTERVENE AND FOR AN IMMEDIATE STAY OF CIVIL DISCOVERY**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), hereby objects to the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery During the Pendency of the Related Criminal Case. In support of this Objection, NEGasCo relies on its accompanying Memorandum of Law in Support of Its Objection to the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery, which is incorporated herein.

NEW ENGLAND GAS COMPANY

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: September 3, 2008

**CERTIFICATION**

To:

Terrence P. Donnelly
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
terrence.donnelly@usdoj.gov

Kevin Cassidy
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
kevin.cassidy@usdoj.gov

Diane Chabot
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street, Suite 1100, SAA
Boston, MA 02114-2023
chabot.dianne@epa.gov

Mark W. Dana
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909
mwd@mdlawri.com

Mark P. Dolan
Rice Dolan & Kershaw
The Aldrich Building
72 Pine Street, Suite 300
Providence, RI 02903
ricedolan@ricedolan.com

Dawn M. Neborsky
John A. Kiernan
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street
Boston, MA 02114
dneborsky@bktc.net; jkiernan@bktc.net

Michael J. Smith
Bonner, Kiernan, Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903
msmith@bktc.net

Valerie N. Kloecker
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
valerie.kloecker@wilsonelser.com

Patrick F. Dowling, Jr.
D'Amico & Birchfield, LLP
536 Atwells Avenue
Providence, RI 02909
pfd@dblawri.com

John Tarantino, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtarantino@apslaw.com

I hereby certify that on September 3, 2008, a copy of the foregoing Objection to the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Gerald J. Petros

920520v2 (14015-127589)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANGEL ARRIAGA, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| NEW ENGLAND GAS COMPANY, an Unincorporated Division of SOUTHERN UNION COMPANY, CLEAN HARBORS ENVIRONMENTAL SERVICES, JASON SMITH and STEPHEN CARBERRY, | : | **C.A. No. 06-45T** |
| Defendants. | : | |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE UNITED STATES' MOTION TO INTERVENE AND FOR AN IMMEDIATE STAY OF CIVIL DISCOVERY**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), objects to the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery During the Pendency of the Related Criminal Case, *United States v. Southern Union Company*, CR 07-134S (D.R.I.). Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Government's motion should be denied.

## ARGUMENT

The Government is essentially filing a motion for reconsideration, an effort that should be rejected by this Court. In February 2008, NEGasCo filed its initial Motion to Stay all discovery pending the outcome of the criminal case against Southern Union. The Government was invited to join in that motion, but, as early as October 2007, decided instead to remain neutral with respect to NEGasCo's efforts to stay the civil matter.[1] Nonetheless, the motion was fully briefed

[1] Counsel for NEGasCo contacted Assistant U.S. Attorney Terrence P. Donnelly regarding NEGasCo's intention to move for a stay of this civil matter pending the outcome of the criminal action against Southern Union. By e-mail in

by the parties and, on May 21, 2008, this Court heard oral argument on NEGasCo's motion. On May 27, 2008, the Court entered an Order granting the motion "as to discovery directed against New England Gas Company until a verdict is returned in the criminal case of *United States v. Southern Union Company*" and denying the motion "as to discovery involving third parties." Order at 1. Following this limited relief for NEGasCo, plaintiffs' counsel served five deposition notices, including two seeking the depositions of former NEGasCo employees Richer and Dennis. Plaintiffs' counsel also noticed the depositions of two Clean Harbors' witnesses and the Chief of the Pawtucket Fire Department. The Government did not seek to intervene in response to plaintiffs' discovery.

Thereafter, and consistent with the Court's order, NEGasCo served its own third-party discovery on the Bethlehem Apparatus Company, Inc. ("Bethlehem"), and the Rhode Island Department of Environmental Management ("DEM"). Plaintiffs did not object. Nor, for that matter, have the parties receiving the deposition subpoenas.

Instead, after claiming disinterest for almost one year, the Government filed the instant motion and suddenly seeks to halt all civil discovery because its interests might be prejudiced. The Government wants a do-over; an opportunity to join in an argument that it eschewed back in October of 2007. But the Court's Order is clear: Third-party discovery is permitted. The Government may not like the ruling, or at least does not like it now that NEGasCo is attempting to defend itself in the civil action by serving affirmative discovery, but the Government slept on its rights with full knowledge that this very issue was being presented to the Court, and a full understanding of the possible outcomes. The Government's motion is too little, too late. The motion should be denied.

---

October 2007, Mr. Donnelly informed NEGasCo's counsel that the Government would remain neutral with respect to NEGasCo's efforts.

First, the Court has already heard argument and received full briefing on the stay issues. NEGasCo aggressively pursued a stay, without the Government's assistance, and had some success. The Court received briefs, heard argument and issued a careful and well-reasoned decision. Under that decision, the depositions of Bethlehem and DEM are proper, and there is simply no reason for this Court to reconsider that decision now. This is particularly true in light of the Government's choice to stay neutral for the last ten months with respect to the stay issue. Particularly troubling is the Government's efforts to halt discovery after sitting on its hands for nearly a year while NEGasCo faced numerous attempts by plaintiffs to seek discovery that was highly prejudicial to NEGasCo and required time and effort to defend. Moreover, plaintiffs have already had the benefit of some discovery in this civil matter. But it was only after NEGasCo took the affirmative – and permissible – path of seeking information that it did not have, and that the Government apparently did not want it to have – that the Government finally decided to let its voice be heard.[2] This is the type of gamesmanship that this Court should, in its discretion, reject wholesale. Plaintiffs have already taken some third-party discovery, and presumably benefited from doing so. It is highly prejudicial to foreclose NEGasCo from doing the same.

Second, in considering the stay issues, the Court was concerned with the prejudice to Southern Union, and the Court acted to avoid that prejudice. The Government, on the other hand, faces no prejudice here. The Government already knows what Bethlehem and DEM will say about the matter. Indeed, the Government has already had an opportunity to meet with and examine these witnesses, and DEM conducted a joint investigation of the Tidewater incident with the Environmental Protection Agency. The Government already has the information it

[2] The Government has recently produced documents related to the DEM and Bethlehem deposition subpoenas in attempt to undermine NEGasCo's claim that it lacks information. First, documents alone are not sufficient. NEGasCo is entitled to depositions as well. Second, this is yet another example of too little, too late by the Government. The depositions should be allowed to go forward.

wants, and is simply trying to prevent Southern Union from learning the same through civil discovery in this matter. That is not a legitimate basis to intervene in an action and ask the Court to reverse its previous ruling, particularly where, as here, the Government was not only aware of the Court's previous ruling, but had been invited to participate in the motion practice.

Finally, none of the rationale for the Court's opinion on the stay issue is affected by the Government's argument. Indeed, not one of the Government's cases cited in support of its motion to intervene even remotely resembles the procedural posture presented here. Those cases all stand for the unremarkable proposition that a Court may stay civil discovery pending resolution of a parallel criminal matter to prevent prejudice, either to the criminal defendant or, in some cases, to the Government. *See, e.g.*, *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). However, none of those cases involves circumstances where the Government was invited to move for a stay of all civil discovery with a defendant nearly a year earlier, refused to do so, sat idly by while the Court ruled on the stay issue, allowed civil third-party discovery to proceed unhindered by plaintiffs, and only after the defendant served affirmative discovery, moved to intervene. NEGasCo is hardly looking to circumvent rules governing criminal discovery. NEGasCo is simply seeking to defend itself and benefit from the same type of discovery plaintiffs have already taken.

The Government should not be permitted to wait on the sidelines while NEGasCo is forced to defend itself on multiple fronts, only to have the Government then reconsider its position once it does not like what it sees, and move to intervene. Nothing in Rule 24 contemplates rewarding such a tactic.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery During the Pendency of the Related Criminal Case should be denied.

NEW ENGLAND GAS COMPANY

/s/ Gerald J. Petros
Gerald J. Petros (#2931)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

Mark P. Dolan (#3280)
Rice, Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903
(401) 272-8800

Dated: September 3, 2008

## CERTIFICATION

Terrence P. Donnelly
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
terrence.donnelly@usdoj.gov

Kevin Cassidy
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
kevin.cassidy@usdoj.gov

Diane Chabot
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street, Suite 1100, SAA
Boston, MA 02114-2023
chabot.dianne@epa.gov

Mark W. Dana
Law Office of Mark Dana, P.C.
536 Atwells Avenue
Providence, RI 02909
mwd@mdlawri.com

Mark P. Dolan
Rice Dolan & Kershaw
The Aldrich Building
72 Pine Street, Suite 300
Providence, RI 02903
ricedolan@ricedolan.com

Dawn M. Neborsky
John A. Kiernan
Bonner Kiernan Trebach & Crociata, LLP
200 Portland Street
Boston, MA 02114
dneborsky@bktc.net; jkiernan@bktc.net

Michael J. Smith
Bonner, Kiernan, Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903
msmith@bktc.net

Valerie N. Kloecker
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
valerie.kloecker@wilsonelser.com

Patrick F. Dowling, Jr.
D'Amico & Birchfield, LLP
536 Atwells Avenue
Providence, RI 02909
pfd@dblawri.com

John Tarantino, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtarantino@apslaw.com

I hereby certify that on September 3, 2008, a copy of the foregoing Memorandum of Law in Support of its Objection to the United States' Motion to Intervene and for an Immediate Stay of Civil Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Gerald J. Petros

920002 (14015-127589)